FRED HAWKINS v. HENNIG & SPEED.

**Judicial Sales—Partial Eviction Acceptance—Deed—Indemnity.**

Where land is sold under a judgment and a deed of conveyance made, the purchaser, upon the discovery of the fact that some of the parties were not properly before the court, is entitled to indemnity against a partial eviction by the holders of the unconveyed title.

APPEAL FROM LOUISVILLE CHANCERY COURT.

June 16, 1871.

OPINION BY JUDGE HARDIN:

If, as is insisted for the appellant, the judgment rendered 26th September, 1868, is erroneous, to the appellant's prejudice, it was subject to reversal by a direct appeal to this court, but however erroneous that judgment may have been, we are satisfied the newly discovered facts alleged and proved in this action, as grounds for a new trial, were properly adjudged to be insufficient for that purpose.

But, as it appears that the title of C. W. Parker was to some extent incomplete, some of the heirs of Samuel Parker never having conveyed their interest in the property, and the court could not perfect the title, even by adjudging a conveyance from C. W. Parker, as it attempted to do, in the original suit, and it being alleged by the appellant in his amended petition, and the fact not denied that the heirs and devisees of Margret Wilson were non residents of this state, so that the warranty in Mrs. Wilson's deed to the appellant was probably insufficient as a guaranty to the appellant against a partial eviction by the holders of the unconveyed title, the appellant was entitled to indemnity or relief of some kind, notwithstanding his acceptance of the deed of Mrs. Wilson, and the judgment for a conveyance, but that relief ought not, upon the facts disclosed in this case, to have ben a recission of the contract, while the judgment of September, 1868, remained unreversed, but the court should have directed an enquiry as to the proportional value of the interest unconveyed according to the contract, prove, and set it off against the same amount of the notes for part of the price in the hands of Hennig and Speed, and especially so as no offer was made to indemnify the appellant against the apprehended loss. *(Golden v. Maupin, 2 J. J. Marshall 237; Hatcher, etc., vs. Andrews, etc.. 5 Bush 561.)*

Wherefore the judgment is reversed and cause remanded for further proceedings not inconsistent with this opinion.

*Harlan & Newman, for appellant.*

*Thomas Speed, for appellee.*