CASE 124—EQUITY—DECEMBER 13, 1881.

# Farmers and Drovers' Insurance Company v. German Insurance Company, &c.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. A mortgagor, by fraudulently concealing material facts, induces a mortgagee with a prior lien to release it and take a new mortgage, the latter believing that the property is unencumbered, and resulting in giving another mortgagee priority.
2. Equity will restore the party defrauded to the benefit of his prior lien.

BEATTIE & WINCHESTER FOR APPELLANT.

1. Appellee being simply a volunteer, claiming the benefit of appellant's release, and seeking to profit by his acts, occupies no better position than Doern would, if he were living, or than his privies in estate do since his death.

Farmers and Drovers' Insurance Co. v. German Insurance Co., &c.

2. Appellant is entitled to relief both upon the ground of fraud and mistake. (1 Barb. N. Y., 397; 10 Ho. Lords Cas., 90; 2 Lead. Cas. Eq., 569; Beard v. Campbell, 2 Mar., 127; Taylor v. Bradshaw, 6 Mon., 149; 5 Dana, 196; Snell's Eq., 448; Jones on Mortgages, 458; Gere v. Cushing, 5 Bush, 304; Snyder v. Hill, 2 Dana; Halbert v. McCulloch, 3 Met., 457; Pr. Dec., 158; Hardin, 53; Kennedy v. Johnson, 2 Bibb, 13; Carr v. Callahan, 3 Litt., 375; 2 Mon., 222; 3 Dana, 284; Breckinridge v. Moor, 3 B. Mon., 635; Davis v. Morgan, 1 Dana, 20; 1 Mar., 436; 1 Mon., 216; Faris v. Lewis, 2 B. Mon.; 3 *Ib.*, 420; 3 J. J. Mar., 708; 9 N. Y., 183; 5 Heyw., 243; 1 Day, 107; 13 Johns., 325; 1 Green's Ch'y, 366; 7 Bush, 447; 2 Sweeny N. Y., 218; 37 Iowa, 337; 23 *Ib.*, 500; 3 McLean, 625; 26 N. J. Eq., 417; 3 Allen Mass., 518; 2 Lead. Cas. Eq., 418; Snell's Eq., 438; Juris, 167; 9 Vesey, 275; 3 B. Mon., 514; 4 B. Mon., 190; 1 Met., 153; 2 *Ib.*, 228; 1 Bush, 383; Story's Eq. Juris., 110; 20 N. J. Eq., 39; 15 N. H., 56; Wolf v. Bale, 9 B. Mon., 210; 5 J. J. Mar., 101; 6 Mon., 23; Bridge Co. v. Douglass, 12 Bush, 701; 14 *Ib.*, 788.)

A. P. HUMPHREY for appellees.

1. If appellant can be said to have acted in ignorance of appellees' rights, it must be in the face of the well recognized doctrine of constructive notice arising from the recording of appellees' mortgage.

2. Whatever Doern may have said or left unsaid, appellees cannot thereby be divested of any right. (13 Cal., 512; 34 Wis., 643; 14 Ills., 286; 1 Green's Ch'y, 145; 4 Johns. Ch'y, 568.)

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

In May, 1874, George P. Doern gave to appellant his promissory note for $2,500, bearing interest at the rate of nine per cent. per annum from date, and at the same time to secure its payment he and his wife executed a mortgage on certain real property on Green street, in the city of Louisville, which was in June, 1874, duly recorded.

July 24, 1876, Doern and one Stein gave their two joint promissory notes to appellee for $17,000 each, due three years after date, and bearing interest at the rate of nine per cent. per annum from date; and to secure the payment thereof they and their wives, on the same day, executed a mortgage to appellee upon several lots of land belonging to

them respectively, one of which lots, the property of Doern, was the same previously mortgaged to appellant.

May 1, 1878, Doern gave to appellant a new note for $1,000, which was the balance of the first note after deducting payments made, and on the same day, to secure its payment, he and his wife executed a mortgage upon the Green street property previously mortgaged. The last mortgage was acknowledged June 19, 1878, and on the next day appellant, by its president, made an entry upon the margin of the record book releasing the lien retained in the first mortgage.

This action was brought by appellee to recover judgment for the balance due of the two notes given by Doern and Stein, and to enforce its lien upon the mortgaged property, including the lot mortgaged to appellant. The executor, widow, and heirs-at-law of George P. Doern, who died November 12, 1878, and appellant, were made parties defendants to the action, and appellant was called on to set up any claim he might have to the property.

Appellant filed its answer, made a counter-claim against appellee, and cross-petition against the executor, widow, and heirs-at-law of George P. Doern, ·deceased, and in it alleged, in addition to the facts already mentioned, substantially, that after the first note given to appellant fell due Doern, though repeatedly requested to pay or renew it, evaded doing either until about the first of May, 1878, when the note for $1,000, which bore six per cent interest, and the second mortgage, were executed; that appellant, confiding in the integrity and good faith of Doern, made no examination of the record for mortgages upon the property, but released the first mortgage and accepted the second under a mistake of fact, and by reason of the fraudulent

Farmers and Drovers' Insurance Co. v. German Insurance Co., &c.

failure of said Doern to disclose the existence of appellees' mortgage, of which he was aware appellant, its officers and agents, were, at the time, ignorant; that the estate of said Doern was, when the second mortgage was executed, and is now, insolvent, and that as soon as the existence of appellees' mortgage was discovered appellant caused it to be notified of the mistake, and that appellant would insist upon its priority of lien. In its answer appellant prayed for judgment for its debt, the correction of the alleged mistake, the cancelment of the release, and enforcement of the first mortgage.

The court below having sustained the demurrer to the counter-claim filed by appellant and dismissed it, this appeal is prosecuted, and for the purposes of the demurrer the allegations of appellant must be taken as true. Appellant seeks relief upon the grounds of both mistake and fraud.

The first question to be considered is, whether appellee, not having either participated in the alleged fraud, or been connected with the transaction in which the mistake on the part of appellant occurred, ought to be deprived of the advantage thus acquired by it, in order to afford relief to appellant. The determination of that question depends upon how appellee obtained the advantage it now seeks to avail itself of, and whether its attitude in this case is such as to invoke the aid or protection of a court of equity.

The maxim, "the laws assist those who are vigilant—not those who sleep upon their rights," does not, as urged by counsel, apply to this case; for the apparent advantage appellee may have is the result not of its vigilance, but mistake of appellant and fraud alleged to have been committed against it.

It is not sufficient that appellee be innocent of the alleged
fraud, and disconnected with the transaction in which the
mistake occurred in order to profit by the misfortune of ap-
pellant.   If it "has not loaned any money, or done any act
on the faith or strength of the release of the first mortgage,
. . . . has not given up any security, divested itself of any
right, or placed itself in a worse condition than it would have
been" but for the release by appellant, it is not wronged or
injured, and therefore not entitled to any remedy in this case.

It is needless to refer to all the cases cited by counsel, for
if appellant is entitled to relief as against Doern, upon the
ground of fraud or mistake, particularly the former, it is diffi-
cult to conceive upon what principle of reason, justice, or
policy appellee may interpose to prevent it.   In the case of
Barnes v. Cammack, 1 Barbour, 398, which is similar to
this, the court used the following language: "Brown not
having parted with any property or right, nor placed himself
in any worse condition in consequence of plaintiff having
canceled her first mortgage, but having acquired a superior
title by reason of her mistake, this court cannot permit him
to retain it to the injury of the plaintiff, but must give pref-
erence to the equity of the latter. . . . The principle upon
which this case is decided, and which runs through all cases
of this description, is, that when the legal rights of the par-
ties have been changed by mistake, equity restores them to
their former condition, when it can be done without interfer-
ing with any new rights acquired on the faith and strength
of the altered condition of the legal rights, and without
doing injustice to other persons."

In this case the legal rights of appellant have been
changed not merely by mistake, but also by fraud.   Re-
lief therefore is sought; and as it can be afforded to appel-

lant without interfering with any right acquired by appellee, upon the faith of the changed condition, and without doing it any injustice, the attitude of appellee is that of a mere volunteer in the issue which is really between appellant and the executor, widow, and heirs of Doern. And as they have not denied the allegations made by appellant, they must be taken as confessed by them. Therefore, the only question remaining that it is necessary to decide is, whether the allegations are sufficient to sustain appellant's cause of action against them, and authorize the relief sought by it. ·

The allegations relevant to this issue are, that at the time of the release of the first mortgage appellant and its officers. were ignorant of the existence of appellee's mortgage, of which Doern was aware, and did not examine the records, because of the confidence reposed in him, of which fact he was also aware, and that the release was made by a mistake, and because Doern fraudulently concealed what it was his. duty to disclose.

Though mortgagees are bound to examine the record in regard to titles to real property, and in the absence of representations made in respect thereto by the mortgagor, must be presumed to have done so, yet they may rely upon such representations, and if so relying, act under a mistake of fact, they will be relieved of the consequences of such mistake, and if the representations are fraudulently made, the consequences should fall upon him who makes them.

In this case, though no representations are alleged to have been made by Doern, it is alleged that appellant and its officers acted upon the belief that the property was at the time of the release unencumbered by other mortgages, and that such belief was induced by the conduct of Doern, and knowing such to be the case, he fraudulently concealed the exist-

· ence of appellee's mortgage, whereby appellant was injured, and he was benefited, at least to the extent of the difference between the rate of interest of the first and second notes.

In an opinion, therefore, as the record stands, appellant is entitled to the relief sought.'

Wherefore, the judgment of the court below is reversed, and the cause remanded, with directions to overrule the demurrer to the counter-claim, and for other proceedings consistent with this opinion.