## Feinberg v. Board of Education, City of Louisville.

## Thomas, et al. v. Feinberg.

(Decided October 23, 1925.)

### Appeals from Jefferson Circuit Court

1. Covenants—Restrictive Covenants Strictly Construed Against Persons Seeking to Enforce Them.—Law looks with disfavor on restrictions by contract on free use of property for lawful purposes and such restrictions will be strictly construed against persons seeking to enforce them; all doubts resolved in favor of free use of property.

2. Covenants—Building With Rear Towards School Property Held to Violate Restrictive Covenant in Deed.—Where restrictive covenant in deed of property to board of education provided that no

improvement with rear toward school property should be erected on 100-foot lot, lying contiguous with certain street, held such covenant was clear and unambiguous, reasonably adapted for purpose intended, and, construed as written, was violated by erection of building with its rear towards school property, regardless of attractive appearance of improvement or its distance from school property.

3.   Covenants—Rule, as to Strict Construction of Restrictive Covenant, has no Application, where Language of Covenant is Plain and Unambiguous.—Where the language of a restrictive covenant is plain and unambiguous, the rule as to strict construction thereof becomes of secondary importance, since in such event neither strict nor liberal construction can be employed to change plain meaning of language contained therein.

4.   Covenants—Building Restriction in Deed to School Board Held for Benefit of School Board Alone, and Not to Inure to Benefit of Party Subsequently Acquiring Contiguous Property.—Where grant to school board contained restrictive covenant that no improvements with rear towards lot sold should be erected on 100-foot lot lying contiguous to certain street, held that such restrictive covenant was solely for benefit of property of board of education, and did not inure to plaintiffs who subsequently acquired part of 100 feet in question.

HUGH B. FLEECE and R. W. HUNN for Feinberg.

BLAKEY, DAVIS & LEWIS for Thomas and others.

ARTHUR M. RUTLEDGE for Board of Education.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Kentucky street in the city of Louisville runs east and west and crosses Brook street, which runs north and south. In 1886 the estate of J. G. Goldback, of which Catherine Goldback was executrix with power to convey real estate, owned a lot at the northwest corner of the junction of Kentucky and Brook streets, which fronted on Kentucky street 240 feet and ran back north on Brook street 160 feet to an alley 20 feet wide. On the 22nd day of June of that year the executrix of the Goldback estate conveyed to the Louisville school board the west 140 feet of that lot fronting on Kentucky street, and it has since been occupied by one of the public school buildings of the city, and is now owned by the appellee in the first case in the caption, Board of Education of the City of Louisville, and to which we shall hereafter refer as the "board." The grantor covenanted in that deed that, "The said first party further covenants that on the 100x 160 feet next adjoining on the northwest corner of Brook

and Kentucky streets, no improvements shall be erected fronting on Brook street, with rear towards the lot herein sold.'' Later the Goldback estate conveyed to others the north half of the remaining 100 feet fronting on Kentucky street and which half fronted only on Brook street, and in that deed the board united for the purpose of releasing the restrictive covenant in so far as it applied to that 80 feet. In the course of time Lillian Thomas and others became the owners of, and constructed a residence on, a portion of that 80 feet lying immediately next to the south portion of the lot not conveyed to the board, and apppellant, Feinberg, in the first case in the caption, became the owner of the east portion of the latter 80 feet next to Brook street and fronting 55.5 feet on Kentucky street; while others became the owners of the south portion of the remaining hundred feet fronting on Kentucky street. Each of the owners of the south hundred feet fronting on Kentucky street erected dwellings thereon, with high picket fences separating the rear portions of their lots, including one on the east line of the school property. Feinberg, who, as said, owns the corner lot of the south 80 feet along Brook street, fronting Kentucky street 55.5 feet, and being a part of the remainder of the Goldback lot, after the conveyance to the board, began excavating for the erection of a one-story building 23.3 feet wide adjoining the rear of his residence, with its front abutting the sidewalk on the west side of Brook street and running back west 40 feet, with its rear towards the lot of the board. After he began excavating, appellants, Lillian Thomas, et al., filed this equity action in the Jefferson circuit court to enjoin him from constructing his contemplated building, on the ground that it fronted Brook street, and its rear was ''toward'' the property of the board, which was in direct conflict with the covenant contained in the deed of his remote vendor, the Goldback estate, plaintiffs claiming that such covenant inured to their benefit. The board intervened in the cause and sought the same relief against Feinberg, upon the ground that his contemplated building violated the restrictions in the covenant contained in its deed and which it had the undoubted right to enforce. The defendant, Feinberg, filed answer to the petition of Thomas, et al., and to the intervening petition of the board, consisting of three paragraphs, in the first of which it was averred, in substance, that the covenant con-

tained in the deed to the board was only for its benefit and did not embody any fixed scheme or plan of improvement on the remainder of the Goldback lot abutting 100 feet on Kentucky street and 160 feet on Brook street, and for that reason plaintiffs had no standing in court to enforce the restriction contained in that covenant. In the second paragraph he averred, in substance, what he claimed was the intention and purpose of the parties in inserting the covenant in the deed to the board by the representative of the Goldback estate and that it was never contemplated or intended that it should apply to the character of building that defendant intended to erect and the building which was sought to be enjoined in this action. In the third paragraph there was pleaded substantially the same matter contained in the second one, followed by a description of the building he proposed to construct, and a detailed statement of the physical surroundings of his proposed building, and averred that its rear would not, because of obstructions, be exposed to view from the school property and would be located about 61 feet from it, and he closed the paragraph by stating that he had no actual knowledge of the restriction until the filing of this action, and that at most the erection of his contemplated building would be only a technical violation of the covenant and that if it was enforced he would be deprived of any profitable use of the rear portion of his lot. A demurrer was filed to the answer and each paragraph thereof, and the petition of plaintiffs and the intervening petition of the board were likewise demurred to by Feinberg. The court sustained his demurrer to the petition and dismissed it upon the failure of the plaintiffs to amend, and from that judgment they prosecute the second appeal above; and the court also sustained the demurrer filed to the second and third paragraphs of the answer, but overruled the one filed to the intervening petition of the board, and defendant declining to plead further, a permanent injunction was granted to the intervenor as prayed in its pleading, and from that judgment defendant, Feinberg, prosecuted the first appeal in the caption.

The two questions presented and ably argued by counsel for both sides are, (1) whether the inserted covenant can be given the broad construction of vesting the board with the right to apply its restrictions to the character of building that defendant contemplated

erecting so as to empower it to enjoin him from doing so, and (2), whether the covenant in any event inured to the benefit of plaintiffs so as to entitle them to the reilef they sought in their petition? The learned chancellor, who rendered the judgments appealed from, filed his opinion in the cause, and it is copied in the record. We are greatly taxed for time, and, since we do not feel that we could possibly improve on his disposition of those questions, we have concluded to adopt what he said thereon as a part of this opinion, and which is:

1. ''There can be no question that the law looks with some disfavor upon restrictions by contract upon the free use of property for lawful purposes. Such restrictions will be strictly construed against the person seeking to enforce them and all doubts will be resolved in favor of the free use of the property. Such restrictions will not be enlarged or extended by construction. Magowan v. Young, 188 Ky. 74, 221 S. W. 234. But where the intent is clear, it will be enforced. Johnson v. Elkhorn Gas & Coal Mining Co., 176 Ky. 676, 197 S. W. 409. It can not be disputed that, taken literally, the restriction here would be violated by the erection of the contemplated building. It is to front on Brook street and its rear, however unexceptionable in appearance, will be toward the property of the board of education. This is exactly what the restriction forbids.

''But defendant says that a building like this, in appearance and situation, was not contemplated when the restriction was imposed; that what was contemplated, and forbidden, was the creation of an 'alley effect' along the eastern side of the school property, such as would have resulted if the corner property (then vacant) had been subdivided into building lots fronting on Brook street which, when improved, would present to the school property an unlovely view of rear walls, back porches, sheds and other outbuildings. No doubt it was the purpose of the restriction to prevent this; but the purpose, as expressed in the deed, went farther. It forbade every structure with the rear toward the school property. Can the courts say that this was being too fastidious? Can it say that a rear wall ten feet away is too near but that one forty-four feet away is not? I think not. The school board was the judge of what

would prove injurious to its property, and I think the court has no authority to substitute its judgment for that of the board. Nor do I think there is any merit in the claim that the restriction was intended to apply only to the building lot next to the school property. If it had been the intent to impose the restriction only upon the 22 or 44 feet (or any other number of feet) immediately adjoining that property, it would have been a very simple matter to have said so. That was not done and I am bound to take the restriction as it is. The language of the restriction is clear and unambiguous; the restriction itself is reasonably adapted to the purpose intended to be accomplished; that purpose is reasonable and proper; and, if the restriction is to be enforced at all, it must be enforced as written.

2. "The question of the right of the plaintiffs to rely upon and enforce the restriction is more difficult. I think the board of education is entitled to an injunction. It is perhaps not very important to decide this question in this case because an injunction in favor of the board of education will be as efficacious to protect plaintiffs as an injunction based upon their own petition; but I take it that defendant is entitled to have a decision upon his demurrer to the petition, and I shall, therefore, consider the question briefly.

"Two Kentucky cases are relied upon, one by plaintiffs and the other by defendants, Graham v. Hite, 93 Ky. 474, and Roberts v. Porter, 100 Ky. 130. In each of these cases the right to an injunction was denied upon the ground that the restriction was not violated, but in each case the court went further and made a statement as to the law which is now relied upon by one side or the other. In Graham v. Hite, the controversy was between two grantees of the person upon whom the restriction had been imposed. Barret conveyed to Matthews a piece of ground having a frontage on Third street in the city of Louisville of 108 feet, and that deed imposed the restriction that the building or buildings to be erected on the property should be of brick and should be set back from the street line the same distance as Barret's dwelling on the adjoining corner lot. Matthews divided the property into three parcels,

each having a frontage of 36 feet, and by mesne conveyances Graham became the owner of one of these lots and Hite became the owner of another. Hite sought an injunction against Graham. As stated above, it was held that there was no violation of the restriction and consequently that the injunction granted by the circuit court must be dissolved. But the court said that, if there had been a violation of the restriction, nevertheless Hite could not have complained because the restriction was evidently intended for the benefit only of Barret's corner lot. 'The essential relation of estates dominant and servient,' said the court, 'does not exist between the lots owned by appellee and appellant, and consequently there is no easement on either for use of the other.'

"In Roberts v. Porter, Morat sold to Lindenberger a forty-foot lot at the corner of Second street and Ormsby avenue in Louisville, and in that deed imposed a restriction that the lot conveyed, when improved, should have on it a brick residence, of a certain description, which should front Ormsby avenue and which should not be nearer the street line than the Morat dwelling, then on that block. Subsequently Morat sold to Roberts a lot adjoining the Lindenberger lot, and this action was commenced for the purpose of preventing Lindenberger's grantee (Porter) from erecting certain dwellings on the rear of the lot facing Second street. The court held that this was not a violation of the restriction, but it also said that, if it had been a violation, then Roberts would have had the right to object since the restriction 'was for the benefit not only of the Morats, to the extent of their reserved homestead, but of any one to whom they might sell the adjacent lots, and this although such purchasers were no parties to the Lindenberger deed, in which the condition had appeared. . . . '

"In the Graham case the persons seeking to enforce the restriction had acquired a part of the property upon which the restriction had been imposed, whereas in the Roberts case, the complainant had acquired a part of the property for the benefit of which the restriction had been imposed. If this distinction is material, then the instant case is more like

the Graham case than the Roberts case. Plaintiffs here have acquired a portion of the property upon which the restriction was originally imposed. It is true that the restriction was subsequently withdrawn as to the part of that property which plaintiffs now own, but I can not see that this release of plaintiff's property from the restriction gives plaintiffs any greater right to enforce the restriction against defendant than they would have had if no change had been made. Indeed, defendant claims that the change, if it affects the case at all, diminishes rather than increases plaintiffs' rights. He says that it will be a great injustice to forbid his making this use of his property at the suit of persons who have made similar use of their property. If this can be done, then plaintiffs will have a right against him which he does not have against them and this, he says, was certainly not contemplated.

"I think the more reasonable construction of this restriction is that it was intended solely for the benefit of property of the board of education, and that plaintiffs have no right to enforce it."

We deem it appropriate to supplement the opinion of the chancellor, as to the right of the board to the injunctive relief, by suggesting that, notwithstanding the rule that such restrictions should be strictly construed, yet it has no application where there is no room for construction. Where the language is plain and unambiguous, the rule as to strict construction, when permissible because of some uncertainty in the language, becomes of secondary importance, since in that event neither strict nor liberal construction can be employed to change the plain meaning of the language containing the restriction.

Plaintiffs, Thomas, et al., cite and rely upon the late case of Starck v. Foley, 209 Ky. 332, as sustaining their contention that the restrictive covenant inured to their benefit. That opinion had not been delivered at the time the cause was determined in the circuit court and it was, therefore, not adverted to by the chancellor in his opinion. We do not regard that case as sustaining plaintiffs' contention, since its facts support, rather than militate against, the judgment appealed from. The parties there were vendees of a common grantor, who imposed the restriction on the land conveyed, and it was expressly held to have been "inserted into the deeds for the benefit

of the two lots," and was in furtherance of a plan and scheme of improvement of the entire plat of land of which the conveyed lots were parts; while here there was evidently no contemplated improvement scheme as to the 100 feet of the Goldback lot lying contiguous to Brook street, and which was not conveyed in the deed to the board. On the contrary, it is perfectly manifest that the restriction was inserted solely for the benefit of the school property and not for the benefit of any future owners of any portion of the remaining 100 feet not then conveyed.

Finding no error in either of the judgments, they are each affirmed.