## Harp et al. v. Parker et al.

April 28, 1939.

GEORGE R. SMITH for appellants.
J. OWEN REYNOLDS for appellees.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

Younger Alexander was the owner of approximately fifty acres of land fronting on the Lexington-Paris pike in Fayette County. On October 21, 1919, Mr. Alexander and his wife conveyed to Helen K. Fox a tract of two and forty-nine hundredths acres fronting on the pike, and adjacent and just south of the portion of the tract on which the Alexander residence stood. A plat filed in the record indicates that the Alexander property

surrounded the property conveyed to Helen Fox with the exception of the portion on the pike. A restriction was placed on the tract conveyed against the grantee or any of her vendees building nearer to the Paris-Lexington road than the line of the Alexander residence. The deed also placed a restriction on the property of the grantors south of the tract conveyed to Helen Fox in these words:

"It is further understood and agreed and is a part of the consideration of this transfer that parties of the first part (the Alexanders) will not construct on their lot on the south adjoining the property hereby conveyed any residence or other improvement, nearer the said Paris Road, than the front line of first party's residence, nor will they permit any vendee to so construct any residence or improvement nearer to the Paris Road than the front line of first parties' residence is now located, and this covenant and agreement shall be binding upon the parties of the first part and their vendees * * *''

The tract conveyed to Helen Fox has through mesne conveyances, come into the hands of appellee, J. P. Parker, and the tract immediately to the north now belongs to the appellee, Edward H. Ray. Following the death of Younger Alexander, his widow became the owner of the land immediately south of the property now occupied by appellee Parker. Under date of October 20, 1928, she conveyed this tract to C. G. Cox with covenants of general warranty and against encumbrances. No mention is made in this deed of the building restriction placed on the property in the deed to Helen Fox mentioned above. In 1935, C. G. Cox conveyed the land in question to appellant, Ida M. Harp. This suit was filed by the appellees against the appellants, Ida M. Harp and Atkins Harp, her husband, alleging that appellants had commenced the erection of a building at a distance of approximately seventy-five feet from the highway and asking for an injunction to enjoin appellants from proceeding with the erection of the building and to require them to remove so much of the building as had already been constructed. Appellants moved to strike certain portions of the petition and also filed a general demurrer thereto. Thereafter, appellees filed an amended petition setting out various facts in more detail than in the original petition. On submission, the chancellor overruled both the motion to strike

and the general demurrer and, appellants, declining to plead further, an injunction was granted in conformity with the prayer of the petition. This appeal followed.

Appellant's motion to strike was directed at certain allegations of the original petition which they claim to be objectionable as mere conclusions of the pleader. It will be a sufficient answer to this contention to state that the primary facts are fully set out; and, if inartistic, nevertheless the conclusions drawn from those facts were unobjectionable and the court did not err in refusing to sustain the motion.

It is next argued that no restriction was placed on appellant's property, and that the chancellor has implied a restriction from the terms of the deed to Helen Fox. It is difficult to see how language could more expressly fix a restriction on this property than that quoted above in the deed from the Alexanders to Helen Fox. It leaves nothing to be implied but expressly restricts the grantors and their vendees from 'building closer to the pike than the building line fixed on the property south of the land conveyed to Helen Fox.

Finally, it is argued that appellants are not charged with notice of the restriction because, they argue, there is nothing upon the face of the title papers in their chain of title to put an ordinarily prudent person upon inquiry. The chancellor answered this contention in his opinion which is made a part of the record. He said, in part:

"It is the contention of the defendants, Harps, in this case, that although Alexander, as grantor, in the deed to Fox, agreed to the restrictions therein set out, that the same are not binding on Mrs. Harp because, as counsel contends, they are not in the direct chain of title. There is no merit in that contention. In the first place it would have been impossible for Mrs. Harp or her counsel, to have examined her title carefully without examining all of the conveyances of Younger Alexander with reference to this property. There would have been no way in which she could have told whether he had previously conveyed the property to someone else before his wife conveyed it to Cox without examining all of the deeds of Alexander wherein he disposed of parts of the main body of land.

"In the deed of Mrs. Alexander to Cox, who

was Mrs. Harp's immediate vendor, and which is filed as an exhibit herein, there is a specific reference to the deed of Younger Alexander to Helen K. Fox (which deed contained said restrictive covenant) as follows:

" 'A total in both tracts of 19.72 acres, more or less; it being the same property conveyed to Y. Alexander by R. M. Bryan and Elizabeth B. Bryan, his wife, by deed dated May 31, 1905, and recorded in Deed Book 139, page 146 in the Fayette County Clerk's office; less, however, the property which has heretofore been sold by the said Y. Alexander as shown by the following deeds recorded in said office viz: In Deed Book 157, page 15; Deed Book 159, page 634; Deed Book 196, page 465, and being the same property devised to the party of the first part by said Y. Alexander in his last will and testament which will is recorded in Will Book 13, page 9, in said Clerk's office.'

"Inasmuch as this description provides,

" 'Less, however, the property which has heretofore been sold by the said Y. Alexander as shown by the following deeds recorded in said office viz: In Deed Book 157, page 15; Deed Book 159, page 634; Deed Book 196, page 465, and being the same property devised to the party of the first part by said Y. Alexander in his last will and testament * * *,'

It became necessary to examine Deed Book 196, at page 465, to ascertain the correct amount of land Mrs. Harp was thus acquiring, and by so doing the aforesaid restrictions would have been easily ascertained. The above quoted portion of the deed put Mrs. Harp and her grantor, C. G. Cox, on notice that the land was acquired by Mrs. Alexander by will, and as such she acquired no greater title than her husband who had voluntarily placed the restriction upon this lot subsequently acquired by Mrs. Harp."

The general rule is thus stated in Tiffany on Real Property, Volume 2 (Second Edition), page 2188:

"A purchaser is, it appears, ordinarily charged with notice of an incumbrance upon the property created by an instrument which is of record, although

the primary purpose of such instrument is, not the creation of such incumbrance, but the conveyance of neighboring property. For instance, if one owning two adjoining city lots conveys one of them, the instrument of conveyance expressly granting an easement as against the lot retained in favor of that conveyed, the record of such conveyance will, it seems, affect a subsequent purchaser of the former lot with notice of such easement and he will take subject thereto. In such a case, at common law, the purchaser would take subject to the easement previously created, as being a legal interest, irrespective of whether he has notice thereof, and the rule in this respect could not well be regarded as changed by the adoption of the recording law, as applied to a case in which the grant of the easement does appear of record, though in connection with the conveyance of other land, to which the easement is made appurtenant. * * * And if, in conveying lot A, the grantor enters into a restrictive agreement as to the improvement of lot B, retained by him, a subsequent purchaser of lot B would ordinarily be charged with notice of the agreement, by reason of its record as a part of the conveyance of Lot A. Were he not so charged, the restrictive agreement might be to a considerable extent nugatory.'' See, also, Beekman v. Schirmer, 239 Mass. 265, 132 N. E. 45; Howland v. Andrus, 80 N. J. Eq. 276, 83 A. 982. Compare: Hammonds v. Eads, 146 Ky. 162, 142 S. W. 379.

Appellants rely upon a number of Kentucky cases differing both in principle and on the facts from the case at bar. These cases were discussed and effectually distinguished by the chancellor and no need appears for a repetition of his discussion.

Judgment affirmed.