**Walton H. JONES et al., Appellants,**

**v.**

**Josiah LAMBERT et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 1, 1957.

E. P. Sawyer, R. D. McAfee, Louisville, for appellants.

Andrew W. Duncan, J. W. Jones, Julian Elliott, Louisville, for appellees.

SIMS, Judge.

This appeal is from a summary judgment of the Jefferson Circuit Court, Chancery Branch, Second Division, decreeing that lots 1 and 7 in Brownsboro Village, Subdivision No. 1, cannot be used for business purposes and enjoining appellants Walton H. and Aline E. Jones "from taking any steps toward converting lots 1 and 7 for business purposes."

The facts are not in dispute. The Olympic Realty Company, hereinafter referred to as the Company, owned all lots in the subdivision and on July 21, 1937, it recorded in the Jefferson County Court Clerk's office a "Deed or Declaration of Restrictions" in which all the lots were restricted to residential use "except lots Nos. 1, 7 and 14, which may be used for business purposes." The Declaration recited the Company would put the restriction just quoted in all subsequent deeds conveying lots in the subdivision. Lot 14 is not involved in this litigation and we are concerned only with lots 1 and 7.

The lots in the subdivision did not sell because prospective purchasers objected to the fact that lots 1, 7 and 14 were not restricted to residential use but could be used commercially. To aid in the sale of the lots, the Company in the spring of 1938 put the same restrictions on lots 1, 7 and 14 that all the other lots carried. On March 8, 1938, it sold lots 5 and 6 to David Fairleigh and put a covenant in the deed as part of the consideration that lot 1 would not be used for business purposes, and when it conveyed lot 1, it would insert in the deed thereto that the lot should be used for residential purposes only. On the same day the Company conveyed lot 3 to Lydia Kraft and lot 4 to Fred Betz, the deed to each containing the same restriction as did the Fairleigh deed, and reciting the restriction was a part of the consideration. By mesne conveyances appellees became the owners of lot 3 on November 15, 1950. On January 17, 1939, the Company conveyed to Paul Briney lot 2 with the deed reciting as a part of the consideration that lots 1 and 7 were not to be used for business purposes. Lot 2 adjoins lot 1 and corners with lot 7.

Briney on February 4, 1943, conveyed lot 2 to appellants. The Company on February 18, 1943, conveyed lot 1 to appellants and on May 19, 1943, conveyed to them lot 7, the deed to each reciting, "Provided, however, this conveyance is made subject to any restrictions, stipulations and easements of record."

In addition to the constructive notice given appellants by the recorded deeds as just shown, appellants had actual knowl-

edge before purchasing lots 1 and 7 that these two lots were restricted to residential use. It is not denied that Hugh Doyle, a sales representative for the Company, told Walton Jones, before Jones purchased lots 1 and 7, that these two lots were restricted in their use to residential purposes. Nor is it denied that Jones, after purchasing lots 1 and 7, said to Josiah Lambert that he (Jones) knew these two lots were restricted to residential use.

Lambert and wife, as owners of lot 3, brought this action against appellants to enjoin them from using lots 1 and 7 for any purpose except residential and "from taking any active steps toward converting lots 1 and 7 to business purposes." Several owners of various other lots in this subdivision were allowed to intervene as plaintiffs in this action. Of this appellants complained, but we will subsequently see their complaint is without merit.

It is insisted by appellants that restrictive covenants cannot be established by oral testimony or by what is contained in the advertisement of the sale of lots; and, as was said in Holliday v. Sphar, 262 Ky. 45, 89 S.W.2d 327, at page 329, such covenants must be established by "a recordable instrument employing adequate words so unequivocally evincing the party's or parties' intention to limit the free use of the land that its ascertainment is not dependent on inference, implication, or doubtful construction."

▮ In the case at bar there were recordable instruments all of record in the Jefferson County Clerk's office that lots 1 and 7 were restricted to residential use. We refer to the deeds the Company executed to Fairleigh, Kraft, Betz and Briney. Appellants purchased lot 2 from Briney and in the deed wherein Briney acquired lot 2 it was recited as a part of the consideration that lots 1 and 7 were not to be used for business purposes. Thus the restriction on the use of lots 1 and 7 appeared in appellants' chain of title to lot 2

and is binding on appellants. Harp v. Parker, 278 Ky. 78, 128 S.W.2d 211.

▮ Furthermore, the uncontradicted affidavit of Doyle conclusively shows appellants were apprised of the restrictions on lots 1 and 7 before they purchased same. And the affidavit of Lambert plainly shows appellants knew of the restrictions on lots 1 and 7. In the Harp case appears a quotation from Tiffany on Real Property to the effect that where a common grantor creates by deed an easement in other property owned by him, the subsequent purchaser of the other property takes it subject to such easement if he has notice of same. Also, see McLean v. Thurman, Ky., 273 S.W.2d 825.

▮ It is argued by appellants that the restrictive covenant in each deed was made solely for the benefit of the grantee in that particular deed and no third party can enforce such covenant, therefore the court erred in permitting the owners of other lots in the subdivision to intervene in this action, citing Feinberg v. Board of Education, City of Louisville, 210 Ky. 737, 276 S.W. 823. The answer to this argument is that in the case at bar it is plain the restrictive covenants in the various deeds to which we have referred were not made for the benefit of the particular grantees therein, but it was the intention of the Company to protect the entire subdivision from commercial use by such covenants, and the covenants were for the benefit of all persons who purchased lots therein. In the Feinberg case cited by appellants the covenant was made for the benefit of the school property and not for the benefit of any future owners of the adjoining property. In the instant case the trial judge correctly permitted the owners of the other lots in the subdivision to intervene.

In his clear and well-reasoned opinion filed in this case the chancellor reached a correct decision and his judgment is affirmed.