In re WATER VALLEY FINISHING, INC., et al., Debtors.

BIG YANK CORPORATION, Debtor in Possession, Plaintiff,

v.

BANK ONE, LEXINGTON, N.A., Defendant.

Bankruptcy Nos. 93 B 44780 (BRL) to 93 B 44782 (BRL). Adv. No. 93–1084A.

United States Bankruptcy Court, S.D. New York.

Aug. 11, 1994.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for debtors.

Greenebaum Doll & McDonald, Lexington, KY, for Bank One.

### AMENDED ABSTRACT OF BENCH RULING ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

BURTON R. LIFLAND, Chief Judge.

Big Yank Corporation ("Big Yank" or "Debtor") seeks to avoid Bank One, Lexington N.A.'s ("Bank One") alleged interest under a certain mortgage (the "Mortgage") in the Debtor's Lexington, Kentucky warehouse and distribution center (the "Property"). Bank One, within ninety days prior to the filing of the Debtor's chapter 11 petition, inadvertently released and then attempted to unilaterally reinstate its Mortgage. The Debtor has moved for summary judgment, asserting that Bank One's interest in the Property under the Mortgage is avoidable because it results from a preferential transfer. The Debtor argues, in the alternative, that Bank One's interest is avoidable pursuant to the debtor in possession's § 544 strong-arm powers.[1] Bank One opposes the Debtor's motion, arguing that no transfer of the Debtor's interest in the Property was made within the ninety-day preference period. Bank One has also cross-moved for summary judgment, arguing that it holds an equitable mortgage in the Property which cannot be avoided under § 544(a)(3).

### I. Background

In April 1990, the Debtor borrowed $4 million from Bank One to finance the purchase of the Property. The parties executed a promissory note (the "1990 Note"), a security agreement and the Mortgage. Bank One properly filed the Mortgage and a financing statement, which evidenced Bank One's security interest in fixtures attached to the Property (the "1990 Fixture Filing"), in the Fayette County, Kentucky Clerk's Office on April 30, 1990. When the 1990 Note matured in April 1993, the parties executed a new note for approximately $3.9 million (the "1993 Note") and a certain Commercial Amortizing Mortgage Loan Agreement which provided that the Mortgage would secure the 1993 Note.

On July 26, 1993, Bank One inadvertently executed a Satisfaction and Full Release of Mortgage (the "Satisfaction and Full Release"). The Satisfaction and Full Release states, in pertinent part, that Bank One "for good and valuable consideration, receipt of which is hereby acknowledged, does hereby Release and Discharge the Mortgage executed by BIG YANK CORPORATION in favor of Bank One, dated the 30TH day of APRIL, 1990, and recorded on the 30TH day of APRIL, 1990[.]" (capitalization in original). Bank One recorded the Satisfaction and Full Release in the Fayette County Clerk's Office on July 28, 1993.

Bank One discovered its error and on September 13, 1993 filed an "Affidavit to Reinstate Mortgage" (the "Affidavit") in the Fayette County Clerk's Office. The Affidavit indicates that the Satisfaction and Full Release was "prepared, executed and recorded ... inadvertently in error and that the underlying note which the subject mortgage secures has not been paid in full and consequently, such Satisfaction and Full Release of Mortgage is void and of no effect." Affidavit ¶ 5. The Affidavit further asserts that "the Mortgage described herein shall continue to encumber the real property described herein and that all the terms, obligations and privileges of said mortgage are binding on the parties thereto[.]" *Id.* ¶ 7. On September 24, 1993, eleven days later, the Debtor filed its chapter 11 petition.

The Debtor argues that the Affidavit reperfected the Mortgage, thus effecting a transfer of the Debtor's interest in the Property within ninety days prior to the commencement of the Debtor's voluntary chapter

---

**1.** Unless otherwise indicated, all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 (1988).

11 case. The Debtor asserts that Bank One's interest in the Property is an avoidable preference because this alleged security interest would allow Bank One to receive more than it would if the transfer had not occurred and the Debtor's estate were liquidated under chapter 7. Bank One, in addition to raising the defense of equitable estoppel, asserts that the Affidavit, while intended to reperfect the Mortgage, did not obtain this result under applicable Kentucky law.[2] In other words, Bank One asserts that the Affidavit did not effect a transfer of the Debtor's interest in the Property during the ninety-day preference period. Bank One concedes that if its equitable estoppel defense is not successful, the Debtor need only demonstrate that a transfer of the Debtor's interest in the Property was made within the preference period to carry its burden under § 547(b).

Bank One claims that an equitable mortgage arose in its favor as a result of the accidental execution and filing of the Satisfaction and Full Release. Bank One seeks summary judgment on its counter-claim for a declaratory judgment that its equitable mortgage is not subject to the Debtor's § 544(a)(3) strong-arm avoiding power.[3] The Debtor argues that even assuming that Bank One holds an equitable mortgage in the Property, this interest is avoidable because it is not enforceable against a subsequent bona fide purchaser ("BFP") of the Property and a debtor in possession stands in the shoes of a BFP of real property under § 544(a)(3) of the Code.

## II. Discussion

Federal Rule of Civil Procedure 56(c), made applicable here through Federal Rule of Bankruptcy Procedure 7056, provides that a court shall grant summary judgment when there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (internal quotations omitted). The party moving for summary judgment is required to demonstrate that there is an absence of evidence which supports the nonmovant's case. *Id.* at 325, 106 S.Ct. at 2553–54. All facts, and all inferences to be drawn from such facts, are viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986). As the parties' respective Local Rule 13(h) statements indicate that there are no material facts in dispute,[4] this adversary proceeding may be resolved by summary judgment. *See also U.S. Lines, Inc. v. American S.S. Owners Mut. Protection & Indem. Assoc.,* 169 B.R. 804, 811 (Bankr.S.D.N.Y.1994) ("The primary purpose in granting summary judgment is to avoid unnecessary trials where no genuine issue of material fact is in dispute.").

### A. Preference Analysis

Although the Debtor has the ultimate burden to prove the five elements of a preference under § 547(b), the only disputed issue of law here is whether a transfer of the Debtor's interest in the Property was made to Bank One within the ninety-day prepetition period. *See* 11 U.S.C. § 547(b)(4)(A) (A debtor in possession "may avoid any transfer of an interest of the debtor in property . . .

**2.** The parties agree that interests and rights in the Property must be determined in accordance with Kentucky state law. *See In re Morse,* 30 B.R. 52, 54 (Bankr. 1st Cir.1983); *Saghi v. Walsh (In re Gurs),* 27 B.R. 163, 165 (Bankr. 9th Cir. 1983).

**3.** Of course, if the Debtor is successful in avoiding Bank One's interest in the Property as a preferential transfer, Bank One would only enjoy a meaningless victory if such interest could not be avoided under § 544(a)(3).

**4.** S.D.N.Y. Local Bankruptcy Rule 13(h) instructs a party moving for summary judgment to submit a concise statement of the material facts to which it contends there is no genuine issue to be tried. A fact is deemed material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The party opposing the motion, in turn, is required to file a statement of material facts as to which it contends there are genuine issues to be tried. All material facts set forth in the moving party's statement are deemed to be admitted unless controverted by the opposing party's statement.

made on or within 90 days before the date of the filing of the petition[.]")

Section 547(e) governs when a transfer is deemed to have been made for the purpose of a preference analysis. Section 547(e)(2) provides, in pertinent part, that a transfer is made "at the time such transfer is perfected, if such transfer is perfected after such 10 days [that the transfer occurs between the transferor and transferee]" or "immediately before the date of the filing of the petition, if such transfer is not perfected at the later of—(i) the commencement of the case; or (ii) 10 days after such transfer takes effect between the transferor and the transferee." 11 U.S.C. § 547(e)(2)(B) & (C). Section 547(e)(1)(A), in turn, provides that a transfer is perfected with respect to real property "when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee[.]" In other words, a transfer is perfected under § 547(e)(1)(A) when it is enforceable, or perfected, against a BFP of the real property.

Therefore, the question of whether and when a transfer was made for the purpose of the § 547 preference examination mandates an inquiry into the parties' interests in the Property under Kentucky law, and whether there was a transfer of the Debtor's interest in the Property. If an interest was transferred to Bank One, the issue is whether and when Bank One's interest was perfected against a subsequent BFP.

### 1. Interests & Rights in the Property

■ There is no dispute that prior to the July 1993 accidental execution and recordation of the Satisfaction and Full Release, the Mortgage accorded Bank One a security interest in the Property which was enforceable against Big Yank and any subsequent BFP. The Satisfaction and Full Release, although inadvertently executed and filed, discharged the Mortgage under applicable Kentucky law. *See Citizens State Bank v. United States,* 932 F.2d 490, 494 (6th Cir.1991). The

Satisfaction and Full Release restored title to Big Yank pursuant to Kentucky Revised Statute § 382.360, and the Property was thus unencumbered by the Mortgage.

■ Bank One argues that the accidental filing of the Satisfaction and Full Release gave rise to an equitable mortgage in the Property. Kentucky courts have consistently recognized that when a mortgagee accidently releases its mortgage, an equitable mortgage arises in favor of the mortgagee. *See Farmers and Drovers' Ins. Co. v. German Ins. Co.,* 79 Ky. 598 (1881); *Citizens State Bank,* 932 F.2d at 494; *Borg–Warner Acceptance Corp. v. First Nat'l Bank,* 577 S.W.2d 29, 33 (Ky.1979). In view of the accidental execution and recordation of the Satisfaction and Full Release, this Court concludes that an equitable mortgage arose in favor of Bank One on July 28, 1993. This equitable mortgage was effective against the prepetition Debtor because it is equivalent to an unrecorded mortgage. *Citizens State Bank,* 932 F.2d at 494. As the Debtor previously, albeit for a very limited period, held title to the Property free and clear of Bank One's interest, the creation of Bank One's equitable mortgage effected a transfer of the Debtor's interest in the Property to Bank One.

■ Having determined that such a transfer occurred, the next step is to determine when such transfer was perfected against a subsequent BFP of the Property. Under well settled Kentucky law, an equitable mortgage is not enforceable against a BFP who had no notice of the transaction which gave rise to the equitable mortgage. *Borg–Warner,* 577 S.W.2d at 33; *see also* Kentucky Revised Statute § 382.270 (unrecorded mortgage is not "valid against a purchaser for a valuable consideration, without notice thereof"). Bank One, therefore, argues that a subsequent BFP would take title to the Property subject to its equitable mortgage because the 1990 Fixture Filing, which is in the Property's chain of title, would place a BFP on inquiry notice of Bank One's equitable mortgage.[5]

---

**5.** Although Bank One appears to argue that the question of whether a party is placed on inquiry

notice is a factual one, there are no disputed material issues of fact. Whether the 1990 Fix-

■ Under Kentucky law, a BFP of real property is charged with notice of the record chain of title, *Turner v. McIntosh,* 379 S.W.2d 470, 472 (Ky.1964); *Harp v. Parker,* 278 Ky. 78, 128 S.W.2d 211, 213 (1939); *Drinkard v. George,* 237 Ky. 560, 36 S.W.2d 56, 57 (1930), and a document on record provides actual notice of its contents. *Turner,* 379 S.W.2d at 473. Bank One asserts that the 1990 Fixture Filing, which was not released under the Satisfaction and Full Release, contains sufficient information to put a BFP on inquiry notice of the equitable mortgage. This argument fails, however, because the 1990 Fixture Filing, viewed in light of the Satisfaction and Full Release, does not indicate "facts and circumstances suggesting the necessity of investigation" which would lead a title searcher to discover the creation of the equitable mortgage. *Id.* at 472 (quoting 92 C.J.S. *Vendor and Purchaser* § 326 at 233–34).

A case which Bank One cites in support of its argument, *Maine Nat'l Bank v. Morse (In re Morse),* 30 B.R. 52 (Bankr.1st Cir. 1983), is easily distinguishable on its facts. In *Morse,* the First Circuit Bankruptcy Appellate Panel noted that a search of the record title would reveal "a discharge of a mortgage followed shortly thereafter by a certificate of foreclosure as to the mortgaged property." *Id.* at 55. As the Panel stated, this was "an obvious inconsistency" which "one could not ignore ... in the hopes of avoiding that which further inquiry would reveal." *Id.* In this case, the 1990 Fixture Filing does not create an "obvious inconsistency" because there is nothing in that document which indicates that the Full Satisfaction and Release was accidently executed and filed.[6]

Furthermore, Bank One has not been able to identify, and the Court is unable to locate, a case which suggests that a fixture filing can put a title searcher on inquiry notice as to an interest in the real property. Although the

1990 Fixture Filing refers to the Property, this is necessary to identify the real property to which the fixtures are attached. The purpose of a fixture filing is not to perfect an interest in real property, such as an equitable mortgage, but "to give notice of the secured party's interest in the fixture." Alphonse M. Squillante, *The Law of Fixtures: Common Law and the Uniform Commercial Code, Part II: The UCC and Fixtures,* 15 Hofstra L.Rev. 535, 546 (1984). Therefore, the 1990 Fixture Filing does not provide inquiry notice of Bank One's equitable mortgage and thus does not perfect this interest against a subsequent BFP of the Property.

■ The next document in the Property's chain of title is the Affidavit, which the Debtor asserts reperfected the Mortgage. The Debtor, however, has failed to identify a Kentucky statute or case which supports the proposition that a simple affidavit, executed by only one party which purports to reinstitute a properly released mortgage, can reperfect such mortgage. The Kentucky Revised Statutes which refer to the perfection of a mortgagee's interest in real property, §§ 322.110 and 382.270, respectively, only refer to mortgages and deeds. In this fashion, the Kentucky statutes do not provide that one party to reperfect an inadvertently released mortgage by affidavit. It would be improper for this Court to expand the scope of the terms "deed" and "mortgage" as they are found in these Kentucky statutes to include a simple affidavit. As explained by the Supreme Court in *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), when a federal court applies state law " '[t]he authority and only authority is the State, and if that be so, the voice adopted by the State as its own (whether it be of its Legislature or of its Supreme Court) should utter the last word.' " *Id.* at 79, 58 S.Ct. at 823 (quoting *Black and White Taxicab Co. v. Brown and Yellow Taxicab Co.,* 276 U.S. 518,

ture Filing places a title searcher on inquiry notice is a question of law which this Court is well positioned to resolve on a motion for summary judgment.

**6.** As the Debtor notes, the record of title prior to the filing of the Affidavit is consistent with the following scenario. Bank One's interest in the

fixtures relates to an indebtedness which was separate and distinct from its interest in the real property and the Satisfaction and Full Release evidences the satisfaction of the indebtedness which was secured solely by an interest in the real property.

535, 48 S.Ct. 404, 409–10, 72 L.Ed. 681 (1928) (Holmes, J., dissenting)).

While the Debtor cites *Rosenbaum v. Mechanics Sav. Bank (In re Cameron),* 151 B.R. 303 (Bankr.D.Conn.1993), in support of its argument that the Affidavit reperfected the Mortgage, this case is not of assistance for two reasons. First, and most obviously, *Rosenbaum* was decided under Connecticut law and does not apply the aforementioned Kentucky statutes. Second, it is factually inapposite because the *Rosenbaum* mortgagee actually refiled its mortgage. The *Rosenbaum* court found that under the applicable Connecticut statute, Connecticut General Statute § 47–10, the refiling of the mortgage reperfected the mortgage as of the date of such recordation. *Id.* at 305. In the instant case, Bank One did not refile its original mortgage but recorded the Affidavit. Therefore, the Affidavit does not reperfect the Mortgage.

The Court briefly addresses an argument which was not raised by the parties: whether the Affidavit provides inquiry notice of Bank One's equitable mortgage to a BFP as of the Debtor's petition date. Recall that the Affidavit, recorded eleven days before the Debtor's chapter 11 petition was filed in this Court, states that the Satisfaction and Release was "executed and recorded by the Affiant inadvertently in error[.]" Affidavit at ¶ 5. Thus, the Affidavit apparently indicates an inconsistency in the chain of title which puts a title searcher on notice that further investigation is required. *Cf. Morse,* 30 B.R. at 55 (discharge of mortgage followed by foreclosure).

If the Affidavit is viewed as providing inquiry notice, a BFP as of the Debtor's petition date could not take title to the Property ignorant of Bank One's equitable mortgage which arose as a consequence of the inadvertent filing of the Satisfaction and Full Release. *See Turner,* 379 S.W.2d at 473 (parties which were charged with knowledge, through examination of the chain of title, of another party's prior interest in the real property "were not bona fide or innocent purchasers for value without notice."). Thus, the Affidavit may be viewed as perfecting Bank One's equitable mortgage against a

BFP eleven days prior to the Debtor's petition date. However, this finding is not dispositive because this Court's following § 547 ruling is based on alternative grounds.

### 2. When is the Transfer Deemed to Have Been Made?

As previously discussed, § 547 instructs that a transfer is deemed to have been made by reference to when it is perfected against a subsequent BFP of the real property. As noted, the transfer of the Debtor's interest in Property at issue is Bank One's equitable mortgage which arose on July 28, 1993, well within the ninety-day preference period in this case.

The foregoing discussion indicates that the Affidavit may be viewed as perfecting the equitable mortgage against a BFP by inquiry notice on September 13, 1993, eleven days prior to the filing of the Debtor's chapter 11 petition. Assuming this is the case, § 547(e)(2)(B) would deem the transfer of the equitable mortgage to be made on September 13 because such perfection occurred more than ten days after the transfer of the equitable mortgage between the Debtor and Bank One. *See* 11 U.S.C. § 547(e)(2)(B). Alternatively, if the Affidavit does not provide inquiry notice, it would not perfect the equitable mortgage against a BFP, and the equitable mortgage would remain unperfected as of the date of the Debtor's chapter 11 filing. Section 547(e)(2)(C) of the Code would, therefore, deem that the transfer of the equitable mortgage was made as of the commencement of the Debtor's case. This transfer of the Debtor's interest in the Property would also have been made within the preference period. In this fashion, it is irrelevant whether the Affidavit provided inquiry notice of the equitable mortgage, because the transfer of the equitable mortgage is deemed to have been made within the preference period regardless of whether the Affidavit perfected Bank One's equitable mortgage. As Bank One does not assert that the Debtor has failed to properly allege and demonstrate through its 13(h) Statement any of the remaining elements under § 547(b), the Debtor has carried its burden under § 547.

■ Turning to Bank One's defense of equitable estoppel, the Debtor has effectively demonstrated that even if this defense were applicable against a debtor in possession, and it appears it is not, *see* Debtor's Memorandum of Law at 13, Bank One has failed to show, much less allege, any false representation or concealment of material facts. *See Electric & Water Plant Bd. v. Suburban Acres Dev., Inc.*, 513 S.W.2d 489, 491 (Ky. 1974). In fact, as the Affidavit makes plain, the Satisfaction and Full Release was executed and filed as the result of Bank One's error. Therefore, in view of the foregoing, summary judgment is granted to the Debtor on its first claim for relief.

### B. Section 544(a)(3)

■ As previously suggested, it is irrelevant whether the Debtor could avoid the equitable mortgage under § 544(a)(3) because Bank One's interest in the Property must be avoided as a preferential transfer. However, because the parties have briefed the issue, the Court will conduct the § 544 analysis, incorporating the prior discussion with respect to Bank One's equitable mortgage in the Property and its rights vis-a-vis a BFP. For the purpose of this discussion, it is assumed that the Affidavit did not perfect Bank One's equitable mortgage through inquiry notice because neither party briefed this issue.

Section 544(a)(3) provides that a debtor in possession can avoid any transfer of a debtor's property that may be avoided by a BFP of real property. As previously discussed, the 1990 Fixture Filing would not place a hypothetical BFP on inquiry notice of the equitable mortgage, and would not perfect the Bank's interest in the Property. A BFP under Kentucky law does not take title to real property subject to an unperfected equitable mortgage. *Citizens State Bank*, 932 F.2d at 494; *Borg–Warner*, 577 S.W.2d at 33. Therefore, as it is well settled that a debtor in possession, standing in the shoes of a BFP of real property, may avoid an unperfected equitable or unrecorded mortgage pursuant to § 544(a)(3), the Debtor could avoid Bank One's equitable mortgage under § 544(a)(3). *See, e.g., Bank of Alex Brown v.*

*Goldberg (In re Goldberg)*, 158 B.R. 188, 196 (Bankr.E.D.Cal.1993), *aff'd*, 168 B.R. 382 (9th Cir. BAP 1994); *Hassett v. Revlon, Inc. (In re O.P.M. Leasing Servs., Inc.)*, 23 B.R. 104, 119–20 (Bankr.S.D.N.Y.1982).

Where there are no disputed issues of material fact and the nonmoving party is entitled to judgment as a matter of law, a court may *sua sponte* enter judgment against a party moving for summary judgment. *Celotex*, 477 U.S. at 326, 106 S.Ct. at 2554; *Coach Leatherware Co. v. AnnTaylor, Inc.*, 933 F.2d 162, 167 (2d Cir.1991) (citations omitted). As the Debtor is entitled to summary judgment, the Court rules that judgment shall issue in favor of the Debtor dismissing Bank One's counterclaim.

Therefore, in view of the foregoing, the Court concludes as follows:

1. Regardless of whether the Affidavit provides inquiry notice of Bank One's equitable mortgage, the transfer of the equitable mortgage was made within the preference period. Thus, as the only § 547(b) matter in dispute is whether a transfer of the Debtor's property was made, the Debtor's motion for summary judgment on count one of its complaint is granted.

2. Assuming that the Affidavit did not provide inquiry notice of Bank One's equitable mortgage, Bank One's interest in the Property was not perfected prior to the Debtor's chapter 11 proceeding. As Bank One's interest could be avoided by a BFP of the Property under Kentucky law, the Debtor may avoid the equitable mortgage under § 544(a)(3). Thus, summary judgment dismissing Bank One's counterclaim in favor of the Debtor is granted.

3. The Debtor's request for attorneys' fees and costs, which is only found in the "Wherefore" clause in its Complaint and was not briefed, is denied.