Hatcher and wife vs. G. W. & N. P. Andrews.

CASE 50—PETITION EQUITY—SEPTEMBER 22.

# Hatcher and wife vs. G. W. & N. P. Andrews.

### APPEAL FROM BOYD CIRCUIT COURT.

1.  Vendees, notwithstanding they may have accepted a deed with general warranty, are entitled to have a clear unencumbered title assured to them, before the purchase money should be coerced, even at the instance of assignees of the purchase notes, their vendors being non-residents, and perhaps insolvent.

2.  Deed, purporting a conveyance alone by the husband, was signed and acknowledged by him and his wife, and certified by the clerk, without stating what she intended to convey. *Held*—That as this deed "purports no conveyance of any thing from his wife, nor even that she was a party to it, therefore, it is as wholly insufficient as to her as though she had never signed it."

3.  Deed, showing the husband to be the party of the first part, and sole grantor, closes with: "In witness whereof the said E. H., and A., his wife, have hereunto set their hands," &c. This deed was acknowledged by both husband and wife, and certified by the clerk, without designating what she conveyed. *Held* —That "H. is the sole grantor in his deed, and though the wife signed with him the attesting clause of the deed, yet it does not purport by apt language to convey any interest on her part, and is wholly insufficient to bar her of a dower right."

4.  Deed, purporting to convey the land as if it jointly belonged to the grantors, husband and wife, being signed and acknowledged by both, and certified without designating what she conveyed. *Held*—"This would likely convey the wife's inheritance, had she any; but whether it is sufficient to bar her of dower, is more difficult to determine."

5.  "That no ardent spirits were ever to be sold or vended in said house, or on the premises, in large or small quantities," and upon such being done, the title was to be forfeited and revert to the grantors, their heirs, &c., as covenanted and provided in the deed. *Held*—"That this

reservation conflicts with no public policy; is'not immoral; nor is it in restraint of trade or commerce; * * * that the law will uphold it as legal, and upon a sufficient valuable consideration." The damages because of this encumbrance, will be the real difference between the value of the premises, with, and without, such covenant.

8. Value of the foregoing contingent rights of dower and encumbrances on the title and use of the property, may be ascertained and deducted from the unpaid purchase money; or the vendees may rescind; or they may be protected by bond, with proper covenants and penalties, with good surety, if the parties so elect.

JOHN B. HATCHER,             For Appellants,
CITED—

*Revised Statutes, secs.* 20, 21, *chap.* 24.

15 *B. Mon.,* 119 ; *Hedger vs. Ward, &c.*

4 *Kent, p.* 59, *and note " B," and pp.* 135 *to* 145, *and notes.*

3 *Mason & Page,* 349 ; *Powell vs. Manson.*

25 *Conn.,* 242 ; *Collins Manufacturing Co. vs. Marcy.*

18 *Ves.,* 56 ; *Hise vs. Barclay.*

1 *Dana,* 305 ; *Simpson, &c., vs. Hawkins & Cochran.*

2 *Parsons on Contracts, pp.* 498 *to* 500.

3 *J. J. M.,* 304–9 ; *Wily vs. Fitzpatrick.*

5 *Littell,* 233–4; *Royston vs. Shackleford.*

7 *Mon.,* 202 ; *Payne vs. Cabell.*

5 *B. Mon.,* 540 ; *Vance vs. House's heirs.*

5 *B. Mon.,* 231–3 ; *Rawlins vs. Timberlake.*

3 *Munford,* 68 ; *Stockton vs. Cook.*

L. T. MOORE,             For Appellees,
CITED—

5 *B. Mon.,* 537 ; *Vance vs. House's heirs.*

4 *Bibb.,* 272 ; *Breckinridge vs. Hoke.*

4 *Met.,* —— ; *Willis vs. Valett.*

*Rawle on Cov. for Title, pp.* 613, 677, 724.

1 *J. J. M.,* 480 ; *Cummins vs. Boyl.*

3 *Marshall,* 1173 ; *Miller vs. Long.*

7 *B. Mon.,* 96 ; *Brassfield vs. Walker.*

4 *Kent*, 11*th edn.*, *p.* 143.

5 *Littell*, 228 ; *Royston vs. Shackleford.*

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

.The vendors, Dennis B. Wells and his wife Nancy, and Martha Friend, being non-residents, and perhaps insolvent, their vendees arc entitled to have a clear, unencumbered title assured to them before the purchase money should be coerced, even at the instance of assignees of the notes, and this, notwithstanding they may have accepted a deed with general warranty.

The deed of Geiger to Elba Holden, of the two town lots, and through which the title of these vendees is derived, purports a conveyance alone by the husband; but Annie, his wife, signed the deed and acknowledged it, together with her husband, before the county clerk, who certified it, without stating what she intended to convey.

Elba Holden sold and conveyed the lots to Martha Friend and D. B. Wells, and the deed shows him to be the party of the first part and the vendor; but the deed closes: " In witness whereof, the said Elba Holden, with Adaline his wife, have hereunto set their hands and affixed their seals, this 6th day of September, 1864 ;" and both husband and wife signed the deed, and acknowledged it before the county clerk, who likewise certified it, without designating what she conveyed.

D. B. Wells and wife, and Martha Friend, as parties of the first part, then sold and conveyed the lots to Elizabeth, wife of John B. Hatcher, and they all signed and acknowledged this deed before the clerk of the Kenton county court in this State.

It is insisted that these signings and certificates are insufficient to convey or relinquish the dower rights of the respective married women.

It is said in 4 Kent's Commentaries (*part* 6, *sec.* 55, *p.* 62, *Comstock's edition*): "The usual way of barring dower in this country by the voluntary act of the wife, is not by fine, as in England, but *by her joining with her husband in a deed of conveyance of the land, containing apt words of grant or release on her part*, and acknowledging the same privately, apart from her husband, in the mode prescribed by the statute laws of the several States."

In *Hedger vs. Ward et al., and Hobbs et al. vs. Hedger* (15 *B. Monroe*, 116), this court held, that where the husband was the party conveying, and the wife's name did not appear as a grantor in the body of the deed, that, notwithstanding she signed and sealed it, and afterwards relinquished her right of dower before two justices of the peace, it did not convey her inheritance; for, said the court, "it purports to be a sale and conveyance of his land, and not the land of his wife, and does not contain any language indicating an intention that she was to convey her right of inheritance to the land;" and that, "from an examination of the provision of the statute of 1796 (1 *Stat. Laws*, 440), as well as of all other statutes regulating conveyances, it is evident, that, to enable the wife to convey her title to land, she must join with her husband in a deed containing apt words of grant, and purporting to be a conveyance by her as well as by her husband. The instrument must be shown and explained to her, so that she may fully understand the effect of its execution." The court then held, that it would not have been sufficient to convey the wife's inheritance, even had it been intended for such purpose, and she had so acknowledged it; for it was essential that she should have been *one of the grantors*, and that *its language must import a*

*sale and conveyance by her.*" And these requisites are substantially re-enacted in our Revision of 1850. Section 20, chapter 24, 1 Stanton's Revised Statutes, provides, that "married women may convey any real or personal estate which they own, or in which they have an interest, legal or equitable, in possession or reversion, or remainder;" and the next section provides that such conveyance may be, by joint deed with the husband, or by separate deed, if the husband has before conveyed.

The deed from Geiger purports no conveyance of anything from his wife, nor even that she was a party to it; therefore, it is as wholly insufficient as to her as though she had never signed it.

Holden is the sole grantor in his deed; and though the wife signed with him the attesting clause of the deed, yet it does not purport, by apt language, to convey any interest on her part, and is wholly insufficient to bar her of a dower right.

The deeds of Wells and wife, and Friend, not only purport to convey the land as if it jointly belonged to them, but they signed and acknowledged it in the same manner. This would likely convey the wife's inheritance, had she any; but whether it is sufficient to bar her of dower, is more difficult to determine.

The deeds from Geiger to Holden, and from the latter to Wells, each contained a provision and covenant that no ardent spirits were ever to be sold or vended in said house, or on the premises, in large or small quantities; and upon such being done, the title was to be forfeited and revert to the grantors, their heirs, &c.; but that one half the value thereof, at the time of forfeiture, was to be paid by the grantor, his heirs, &c.

Hatcher and wife vs. G. W. & N. P. Andrews.

The deed to Mrs. Hatcher contains a covenant, that said premises are free from all liens and encumbrances whatever, with a general warranty against all claims.

The answer avers that the grantors represented to the grantee that the covenant not to sell ardent spirits on the premises, and for a forfeiture because thereof, contained in the previous deed, were null and void, and that the courts of Kentucky had held such covenants and conditions as invalid. But the court sustained a demurrer to said answer, and rendered judgment, thereby adjudging that there was no defect in the previous deed, because of unrelinquished dower rights, and that said covenant and forfeiture were not valid, hence no encumbrance.

The covenant not to use this property for the purposes of vending therein spirituous liquors conflicts with no public policy, is not immoral, nor is it in restraint of trade or commerce; but we can imagine many substantial reasons why a vendor might desire to protect himself or the neighborhood against such a use; and whether any other than a mere conscientious scruple operated upon these vendors, there can be no doubt, but if they saw proper to make it a condition and consideration in the sale and conveyance, that the law will uphold it as legal, and upon a sufficient valuable consideration.

As this condition must follow all the subsequent conveyances, both the representation of its invalidity, and the covenant and warranty against it, were false, and the vendee will be entitled either to a rescission and a lien for their purchase price already paid, or so much as may remain after settling the rents and improvements upon equitable principles, or to a reasonable deduction for the contingent rights of dower which have not nor may be procured; and for this encumbrance, growing

out of said covenant against the sale of spirituous liquors on these premises, and the forfeiture therefor, at the option of Mrs. Hatcher, if she elects to keep the premises, the measure of damages, because of this encumbrance, will be the real difference between the value of these premises, with and without such covenant and provision of forfeiture, as found in said deeds, together with the value of the unrelinquished contingent right of dower, unless the vendors, or these appellees, shall cause a covenant, with good surety, to be executed, guaranteeing the vendee, Mrs. Hatcher, against any assertion of such dower rights, and damages therefrom.

Wherefore, the judgment is reversed, with directions for further proceedings consistent herewith.