## Goodwin Bros. v. Combs Lumber Co.

(Decided Oct. 25, 1938.)

ELMER DRAKE for appellant.

J. T. FARMER for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

When the lots in the Ransom Subdivision of Lexing-

ton were sold, the deeds contained several restrictive covenants concerning the location, character and minimum cost of residences which might be erected thereon. There is no express restriction on the use of the lots for business purposes, though perhaps were conditions other than as now presented it could or would have to be said that they were barred by implication.

At the time it was divided, there were no commercial buildings on or near the tract. It is along East Main Street, and during the twenty years or more since it was opened a number of places of business have been established there. Vine Street, on which there are a number of wholesale and retail houses, has been extended through the subdivision. It is next to and parallel with Main Street. Excepting two, all of the lots on the square between these streets are now and have been for some time occupied by business establishments. Several years ago, the Zoning Commission of the city declared all lots in the subdivision between Main Street and Central Avenue to be a business district and has granted permits for buildings of that character. On a lot on the corner of Main Street and Ransom Avenue, Goodwin Brothers, a corporation, has erected a large public garage. Next to it on Main Street is a grocery store.

In October, 1919, the Combs Lumber Company acquired title to Lot No. 13 on Ransom Avenue, 200 feet from Main Street. It is between the garage of Goodwin Brothers and another lot owned by that firm on the south. This suit was instituted by the Combs Lumber Company against Goodwin Brothers asserting its right to erect a business house or garage on its Lot No. 13, which right the defendant denies because of the restrictive conditions mentioned. The plaintiff asks that the court construe the building restriction and adjudge that it has the right to use the property as proposed. The circuit court adjudged that the restrictions did not prevent the erection of a business house on plaintiff's lot, and the defendant appeals.

In general, negative restraints upon the use of land have never been favorites of the law and they are usually construed strictly against the persons seeking to enforce them. 18 C. J. 385; Hobson v. Cartwright, 93 Ky. 368, 20 S. W. 281, 14 Ky. Law Rep. 293; Highland Realty Company v. Groves, 130 Ky. 374, 113 S. W. 420; Fein-

berg v. Board of Education, City of Louisville, 210 Ky. 737, 276 S. W. 823; Anderson v. Henslee, 226 Ky. 465, 11 S. W. (2d) 154.

It is quite generally held that restrictive covenants against business enterprises will not be enforced where there has been a fundamental change in the character of the property due to municipal expansion, spread of industry, or other causes. Starkey v. Gardner, 194 N. C. 74, 138 S. E. 408, 54 A. L. R. 806; Annotations, 85 A. L. R. 988; Osius v. Barton, 109 Fla. 556, 147 So. 862, 88 A. L. R. 394. When the conditions imposed have been disregarded over a period of years by the owners of most or all the lots in the group, as the record shows has been done here, and the general current of business has reached and covered the territory so that the enforcement of the restrictions against those who have not violated the covenants would be oppressive and inequitable, the courts declare them to have been abandoned by all and enforceable by none. Whatever corresponding or mutual benefit there may have been by the original establishment of this subdivision as strictly residential, it has been lost, and the enforcement of these covenants would be detrimental to, if not destructive of, the value of those lots upon which no building has been erected. The action of the Zoning Commission, though not having the force of destroying the covenants (Ludgate v. Somerville, 121 Or. 643, 256 P. 1043, 54 A. L. R. 837), shows the substantial transformation of this district into a commercial one. Such recognition by the city, coupled with the other evidence, makes it to appear conclusively that the change in conditions in that part of the Ransom Subdivision in which the lot in question is located is so great as clearly to neutralize the benefits of the restriction and to defeat the purpose of the covenant. Hence, the granting of relief thereof to the owner, or rather the refusal to enforce it, is manifestly warranted. 14 Am. Jur. "Covenants," Secs. 305, 306; Annotations, 54 A. L. R. 826; 85 A. L. R. 991; 103 A. L. R. 738.

The judgment is affirmed.