ROBERTSON et al.

v.

WESTERN BAPTIST HOSPITAL et al.

Court of Appeals of Kentucky.

Jan. 29, 1954.

Rehearing Denied May 14, 1954.

Terrell, Schultzman & Hardy, Paducah, Wyatt, Grafton & Grafton, Louisville, Martin R. Glenn, Louisville, for appellants.

David R. Reed and Raymond C. Schultz, Paducah, for appellees.

STANLEY, Commissioner.

The judgment construes the Paducah zoning ordinances as allowing the use of a large dwelling house, known as the "Reeves Home," owned by the Western Baptist Hospital, a corporation, as a home for its staff of nurses who are employed at the hospital located two or three squares away. Neighboring property owners have protested this use as being in conflict with the zoning restrictions of this area.

In March, 1952, the Board of Commissioners, by ordinance, approved the zoning of property on both sides of Broadway between 28th and 30th Streets, in which area the property involved is situated, "for residential purposes only." Detailed restrictions were imposed and penalties for violation prescribed. In April, 1952, the Commissioners adopted a comprehensive zoning and regulatory ordinance in accordance with a final report of the City Planning and Zoning Commission. The general classification of the area made by the March, 1952, ordinance was not affected. Section 5 of the ordinance prohibits the later use of buildings or their erection or alteration unless it be in conformity with the provisions of the ordinance. Every lot zoned for residential use was placed in one of the following specific classifications: "R–1 One Family Zone; R–2 One Family Zone; R–3 Two Family Zone; R–4 Multiple Dwelling Zone." The residence involved in this case is within the "R–1 One Family Zone." Title III, Sec. 3. Certain regulations are specified for such zone. Among the "permitted uses" are "One Family Detached Dwelling" and "Multiple Dwelling—Resulting from the conversion of a building existing at the effective date hereof," provided that the general character and appearance of the building remain unchanged and the resultant lot area is not less than 300 square feet. Title V, Sec. 16.

Among pertinent "Definitions" of the terms used in the ordinance, which are expressly made applicable to the R–1 One Family Zone, is that defining "Family" as "One or more persons living as a single housekeeping unit, as distinguished from a group occupying a hotel, club, fraternity or sorority house. A family shall be deemed to include servants." The decision of the case turns upon whether the home for nurses is to be regarded as a housekeeping unit within these terms.

The evidence on the point is summarized. The Hospital Board of Trustees passed a resolution describing its purpose to use the property acquired as the home for the "family" of nurses employed at the hospital. The nurses, about 20 in number, will have their own rooms, either singly or in pairs, and have the joint use of the parlor. They will have their regular meals at the hospital or elsewhere but limited kitchen facilities will be available for light lunches or snacks, the nurses furnishing their own food. A matron or housemother will have charge of the housekeeping.

The word "family" is an elastic term and is applied in many ways. In Mullins v. Nordlow, 170 Ky. 169, 185 S.W. 825, 828 (construing the terms of a lease) it is said the word is often given a broader meaning and "may, and does sometimes, mean a collection of persons living together in a home, though none of them be married." We therein construed the term "a family" as including a group of lodgers where the lessee cared for the rooms even though the lodgers had the exclusive right of occupancy of those rooms. See also McHugh v. Knippert, Ky., 243 S.W.2d 654. In Boston-Edison Protective Association v. Paulist Fathers, 306 Mich. 253, 10 N.W.2d 847, 848, 148 A.L.R. 364, the Michigan court declined to give too strict or literal meaning of "family," and regarded the use of a dwelling house in a highly restricted district as a residence for Roman Catholic priests as not a violation of a restriction in a deed against the use of the property " 'except for a single dwelling house and dwelling house purposes only.' " The phrase was construed as not confined strictly to a group

of persons related by blood or marriage. The cases cited in that opinion and the annotations thereto in 148 A.L.R. 367 show that other courts have given the same construction of similar covenants and have held, for example, that a home for Catholic nuns was not barred from a residential district.

■ In the present ordinance the particular and restrictive term is that which defines the word "family" to be persons "living as a single housekeeping unit." This definition we think embraces and permits the occupancy as a nurses home. But trouble arises from the addition of the illustrative negative phrase, namely, "as distinguished from a group occupying a hotel, club, fraternity or fraternity house." It was doubtless intended in this oblique way to regard such groups of people as being of a class different from what is commonly understood to be a family. However, planning and zoning ordinances may not be exerted by indirection. Sec. 184, Zoning Law and Practice, Yokley. We see such groups as being different from that which it is contemplated shall occupy the premises as a "family," and different from a nurses home. Clearly, a hotel or club is not a dwelling house or residential property, nor are the occupants a housekeeping unit in the usual and ordinary sense. A fraternity or sorority is in yet another category. It has been held by several courts that members of a college fraternity or sorority are not members of a family within the meaning of an ordinance defining a residential district. The reasons are expressed by the Wisconsin court in Hannon v. Harper, 189 Wis. 588, 208 N.W. 255, 45 A.L.R. 1119, as being that groups of college students are for the most part exuberant, boisterous and hilarious, use vibrant and sonorous musical instruments, and do not ordinarily keep regular hours. A more graphic description of fraternity or sorority life is given in Phi Kappa Iota Fraternity v. Salt Lake City, 116 Utah 536, 212 P.2d 177.

■ It would seem that this character of use was in the mind of the Paducah legislative body in qualifying the definition of family as a "single housekeeping unit." We bear in mind that the qualifying phrase is not itself an exclusionary provision. It merely declares negatively the interpretation that shall be given the word "family." The negative should not outweigh the positive. A statutory definition ordinarily is to be used only as a guide and may not be employed so as to change the nature of things to which it is applied or to include a situation or a condition which might be assumed the legislative body would have covered by an enlarged definition if its existence had been contemplated. 82 C.J.S., Statutes, § 315; 50 Am.Jur., Statutes, §§ 262, 263.

■ As stated in McQuillin, Municipal Corporations, § 25.128: "Zoning statutes or ordinances may contain definitions, but these may require judicial interpretation. In such interpretation, a court cannot supply what the municipal legislative body might have provided but which the court cannot by reasonable construction say that it did provide."

■ Of course, each case involving restrictions on the use of property, whether it be by reciprocal negative easements contained in conveyances or by a zoning ordinance, must be decided on its merits— on the particular terms of the instrument and the facts of the case. In a doubtful application an influential factor entering into the decision is the recognized rule that restrictions in zoning ordinances, being in derogation of the common-law right so to use private property as to realize its highest utility, should not be extended by implication to cases not clearly within the scope of the purpose and intent manifest in their language. McQuillin, Sec. 25.72; Crain v. City of Louisville, 298 Ky. 421, 182 S.W.2d 787.

■ We think the contemplated occupancy and use of this residence meets the test of a single family since it is occupied by only one housekeeping unit. The trial court so held.

The judgment is affirmed.