**BAGBY et al.**

v.

**STEWART'S EX'R et al.**

Court of Appeals of Kentucky.

Feb. 19, 1954.

H. R. Wilhoit, Grayson, for appellants.

Kibbey & Kibbey, Thomas D. Theobald, Jr., Grayson, Howard Van Antwerp, P. H. Vincent, Ashland, for appellees.

DUNCAN, Justice.

The appeal is from that part of a declaratory judgment which invalidates a covenant contained in a deed of January 3, 1942, from appellant, George L. Bagby, to Juliet Powers, restricting the use of property thereby conveyed to residential purposes.

Prior to 1932, appellant, George L. Bagby, was the owner of a large lot situated on the south side of Main Street between Hord and Court Streets in the city of Grayson. In 1928, he erected upon his lot a large home of three stories, exclusive of basement, consisting of some thirty rooms. This property is referred to in the record as the "Mansion Tract." The eastern part of the Bagby property, which did not abut Main Street, was adjoined by a lot 50 feet by 132 feet, owned by Frank Powers.

On August 29, 1932, Frank Powers, joined by his wife, conveyed the Powers tract to George L. Bagby, and it thus became a part of the Bagby tract. Mr. Powers died in 1934, and on January 3, 1942, his widow repurchased the Powers property from Mr. Bagby. The latter deed contained the following covenant:

"It is made a condition of this conveyance that the premises hereby conveyed shall never be used for any purpose except strictly residential purposes, which shall exclude the conducting of any kind of business in connection with the residence, and should the dwelling house now located thereon ever be destroyed or removed no kind of building except a dwelling house costing not less than Thirty-Five Hundred ($3,500) Dollars shall ever be erected thereon; and it is made a further condition that said premises, or any part thereof, shall never be sold, conveyed or leased to any person of African descent."

Subsequent to his reconveyance of the Powers property, Mr. Bagby sold and conveyed separately three lots originally comprising a part of the "Mansion Tract." None of these deeds contained any restrictions as to use or the type of improvements which were permitted. James Rupert acquired one of these lots and erected an expensive residence thereon. Rupert later acquired an adjacent unrestricted lot to prevent its use for business purposes. Since the commencement of this action, the Bagby residence has been conveyed to the Grayson Rural Electric Co-operative as the headquarters for its operations in Carter, Greenup, Rowan, Elliott, and Lawrence Counties. The latter use is admittedly commercial. The Bagbys have retained and presently own an unimproved portion of their original boundary.

Appellants first insist that there was a fatal defect of parties, in that James Rupert was not made a party to the action to invalidate the covenant. It is argued that Rupert, as a purchaser of part of the Bagby tract, could enforce the covenant, if valid, and that no action attacking its validity could be maintained unless he is made a defendant. The question turns upon whether the covenant is one which extended to the grantees of the several portions of the Bagby tract or was personal to the covenantee.

The right of a person not a party to a restrictive covenant to enforce it depends upon the intention of the parties in imposing it. In order to confer such a right upon one not a party to the agreement, it must appear that it was the intention of the covenantee to create a servitude or right which should run with the land. It is not necessary that such an intention appear from the express language of the instrument creating it, but it may be implied where it appears that it was imposed as part of a general building plan or scheme for the improvement of several contiguous lots. Where restrictions are not imposed as part of a general plan or scheme of improvement, they cannot be enforced among the several grantees unless it affirmatively appears that they were intended for their benefit. The rule is

stated in 26 C.J.S., Deeds, § 167, p. 555, as follows:

"Where restrictions are not imposed as a part of a general scheme of improvement, but are for the benefit of land retained by the grantor, the several grantees cannot enforce such restrictions against each other, unless the restrictions were intended for their benefit as well as that of the grantor."

In McFarland v. Hanley, Ky., 258 S.W. 2d 3, building restriction covenants appeared in all of the deeds covering lots in a subdivision. Under these circumstances, it was apparent that the covenant was intended as a part of a general plan or scheme to make the subdivision more attractive for residential purposes. We there held that the covenant created a mutual, reciprocal servitude for the benefit of all of the owners of the several lots. That opinion is not authority, as insisted by the appellants, for the proposition that restrictive covenants under all conditions and circumstances are regarded as running with the land.

■ In the present case, it cannot be said that the covenant was in furtherance of a general building plan or scheme. No restriction appeared in any of the other deeds by which portions of the Bagby land were conveyed. Out of five sales from the original tract, four of the lots were unrestricted as to use. The Powers lot stands alone, completely surrounded by lots which can be devoted to any use under the sun short of a nuisance. To imply under these circumstances that the Powers covenant was intended to extend to the purchasers of all portions of the Bagby tract would completely ignore realities.

We do not think Rupert was a necessary party and the special demurrer was properly overruled.

We next turn to the question of the enforcement of the covenant by the appellant, Bagby. As we have previously indicated, the Bagby residence was sold during the pendency of this action and is now devoted to a commercial use. As a result, the very property which the covenant was intended to protect is now devoted to a use which appellants seek to prohibit on the Powers lot.

■ Although there are no Kentucky cases directly in point, it seems well settled in most jurisdictions that the right to enforce a restrictive covenant may be lost by waiver or abandonment. The right of enforcement may also be lost by a general change in the character of the neighborhood to which the covenant applied. This is true even where the covenant is imposed as a part of a general plan or building scheme. In 14 Am.Jur. § 302, page 646, Covenants, etc., it is said:

"A change in the character of the neighborhood which was intended to be created by restrictions has generally been held to prevent their enforcement in equity, where it is no longer possible to accomplish the purpose intended by such covenant * * *."

■ ■ We think the right to enforce the restriction in this case has been lost by abandonment and waiver as well as by change in the character of the neighborhood, which renders its enforcement no longer practicable.

The judgment is affirmed.