**John M. BEWLEY, Appellant,**

v.

**Francis M. STIEFF et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 17, 1954.

Leland H. Logan, Bowling Green, for appellant.

Bell & Orr, Bowling Green, for appellees.

STANLEY, Commissioner.

John M. Bewley appeals a judgment permanently enjoining him from using certain property for the storage or sale of spirituous, vinous or malt beverages by reason of a restrictive covenant in his deed.

The appellant and his brother, Leo Bewley, purchased the lot, having 100 feet frontage on highway 31W, just north of the limits of Bowling Green, in 1945, from the appellees, Francis M. Stieff and wife. The appellees still own a 300-foot frontage, on the southern part of which they had, then and have now a building occupied as a tourist home and an adjoining gift or novelty shop. The deed to the appellant and his brother, Leo Bewley, contained restrictions against the use of the lot as a tourist home or camp, also:

"No place shall ever be erected nor any building shall ever be used on said land for the sale, storage of spirituous, vinous or malt beverages, nor shall liquor nor beer be ever kept, stored or sold on said tract of land herein conveyed."

The Bewleys erected a restaurant on the lot. A 100-foot lot between that retained and that deeded to the Bewleys was conveyed by the Stieffs to another person with the same restrictions, and a gasoline filling station was built on it. It seems to have been re-conveyed to them. In November, 1950, appellant acquired his brother's one-half interest in the lot. In 1951 the appellant conveyed the northern portion of his lot to J. Louie Harmon, Jr., which deed did contain reference to the restrictions.

It appears that the area adjoining or surrounding this original 400 foot property was to a limited extent being used for both commercial and residential purposes, but such commercial use has increased since then so that, according to the appellant, it may be regarded as 70 per cent commercial.

In November, 1950, the appellant obtained a license and began to sell beer in his restaurant on these premises. About a year later this suit was filed by the appellees, grantors of the lot, seeking a declaration of rights with respect to the covenant in the deed that the lot should never be used for handling the described intoxicating liquor and praying an injunction against such use.

The appellant, as a defense, pleaded estoppel and laches; also, that the character of the neighborhood and the conditions had so changed that the enforcement of the restriction would cause the defendant irreparable injury without any benefit inuring to the plaintiffs. The appellant pleaded the covenant was a cloud on his title and asked that it be removed. As stated, judgment went for the appellees.

■■■ Restrictions and prohibitions as to the use of real estate which cannot be said to be against public policy or outside of reasonable bounds may be imposed by the grantor but are strictly construed. Ladd v. Pittsburgh Consolidation Coal Co., 309 Ky. 405, 217 S.W.2d 807. Such restrictions relating to the use of property for the keeping or sale of intoxicating liquor are regarded as reasonable and within the bounds of legitimacy. In this jurisdiction, as in a majority, such restriction may properly run with the land. Sutton v. Head, 86 Ky. 156, 5 S.W. 410, 9 Am.St.Rep. 274. Concerning a like restriction created under conditions somewhat similar to those in the present case, the court commented in Hatcher v. Andrews, 5 Bush 561, 68 Ky. 561;

> "The covenant not to use this property for the purposes of vending therein spirituous liquors conflicts with no public policy, is not immoral, nor is it in restraint of trade or commerce; but we can imagine many substantial reasons why a vendor might desire to protect himself or the neighborhood against such a use; and whether any other than a mere conscientious scruple operated upon these vendors, there can be no doubt, but if they saw proper to make is a condition and consideration in the sale and conveyance, that the law will uphold it as legal, and upon a sufficient valuable consideration."

■■ It may be said to be the general rule that restrictive covenants against use of property by business enterprises will not be enforced where there has been a fundamental change in the character of the property or neighborhood from residential to business due to municipal expansion, spread of industry or other causes which have destroyed the residential character of the neighborhood and the enforcement would be oppressive and inequitable. Goodwin Brothers v. Combs Lumber Co., 275 Ky. 114, 120 S.W.2d 1024. The usual restriction from which release is available on that ground is one against use for other than residential purposes. But the present is a clear and specific restriction against a particular kind of business or the handling of products which many persons regard as inimical. The appellant, therefore, has not shown any right to the relief upon this principle of a change in neighborhood conditions.

■ Nor is any other equitable ground for cancellation of the restriction shown. The grantee accepted title subject to the

restriction. The grantor, who continues to own adjoining property, is the party seeking to enforce it. This situation and relationship present a stronger equitable reason for denying the relief than in some instances where there has been a long lapse of time and remote parties are concerned. The appellees had put the same restriction on the other lot which lay between the one conveyed to the appellant and that which they retained. The appellant, naturally, had passed on the same restriction when he sold a portion of his lot. The appellees and some of their neighbors had protested the application for the license to the County Court, which seems to have granted it, but appellees did not appear on the appeal before the Alcoholic Beverage Control Board, which confirmed the license, because they understood only legal questions would be considered. Appellant has unsuccessfully tried to buy a release of the restriction. The appellees have not conducted themselves in any way that bars their enforcement of the restriction, either as a technical estoppel or as laches.

The judgment is affirmed.