Catherine **LOGAN** etc., Appellants,

v.

Dulaney **LOGAN** et al., Appellees.

Court of Appeals of Kentucky.

Dec. 16, 1966.

Richard C. Oldham, Dorothy G. Cox, Oldham, Burroughs & Miller, Louisville, for appellants.

Stuart A. Handmaker, Milliken, Handmaker & Rosenstein, J. Royden Peabody, Jr., Stites, Peabody & Helm, Alfred J. Simon, Jr., Louisville, for appellees.

HILL, Judge.

The judgment appealed from vitiated certain restrictions pertaining to 200-foot setback requirements from Arden Road in the city of Louisville, Kentucky, contained in two deeds dated 1912 and 1915. The judgment reasoned that there had been such change in the neighborhood, from a redivision of the land on one side of Arden Lane and a subdivision of the land on the other side, as to neutralize the benefits of the restrictions and render it unreasonable and impractical to carry out the original purpose and intention of the parties imposing the restrictions.

This action was filed by appellees.

The tract of land, containing approximately thirty acres and now owned by the fourteen appellees and two appellants, was conveyed December 23, 1912, by Peter Lee Atherton to Charles P. Ballard by a deed containing the following reservation.

"No buildings shall be erected within two hundred feet of either side of the aforesaid Arden Road, and no buildings

except residences and those of the character of arbors, or other like structures designed chiefly for ornament, shall be erected within five hundred feet of *either* side of the road." (Emphasis ours.)

It should be kept in mind that at the time this deed was executed, Peter Lee Atherton owned land immediately across Arden Road. Hence, the restriction was intended to apply to and for the benefit of the land sold and the land of Atherton on the "other side of said road."

Charles T. Ballard conveyed the thirty-acre tract to William B. Allen in 1915. By consent of both parties to this deed, Peter Lee Atherton joined as a party grantor therein for the sole purpose of modifying the setback restrictions in the 1912 conveyance. The 1915 modification reduced the 500-foot restriction of the 1912 deed to approximately 200 feet. The following is quoted from the 1915 deed:

"The third party (Atherton) joined in this deed for the purpose of altering restriction Number 3 contained in said deed and described above * * * and in lieu thereof the following restrictions are placed upon the property hereby conveyed *and upon the property of the third party* (Atherton) abutting on the 'Arden Road,' which restrictions shall inure to the benefit of the said second and third parties and their successors in title * * *." (Emphasis ours.)

There were other restrictions in these two old deeds, but they have been abandoned and are unimportant here.

In 1927, William B. Allen conveyed the identical tract to George Wilcox, and Wilcox divided the original boundary into three tracts.

The three tracts thus created passed through various owners until 1935 when all three tracts were purchased by Dulaney Logan. The restrictions mentioned above were carried in all the deeds down to Dulaney Logan.

Though it is perhaps immaterial to the issues in this case, in December of 1962 all the parties herein, except appellant Zack Logan and his wife, joined in an agreement to further modify the original restrictions to provide for a setback distance (from the center of Arden Road) of only one hundred fifty feet. This was done at the request of the persons owning property across Arden Road from the tract here involved.

In his findings of fact and conclusions of law, the chancellor found that: "Insofar as a change within the area in question is concerned the mere breaking up of this plot of ground into five parcels is evidence per se of a change." It was further found that: "The restrictions * * * were vitiated by natural changes and human failure" at the time Dulaney Logan acquired title to the entire boundary.

At the time Dulaney Logan acquired the whole tract, he had a right to terminate all restrictions contained in the prior deeds subject to the right of protest of the successors in title of Peter Lee Atherton owning the land "across" Arden Road from the subject property; but they are not parties or complaining herein. See 20 Am.Jur.2d, Covenants, Conditions, and Restrictions, section 271, page 829.

Beginning in 1939, when Dulaney Logan first sold Lot Number One of the original tract, he caused to be inserted in each deed a reference to and adoption of the restrictions in the deeds of 1912 and 1915, but he contends this was a mechanical procedure incident to copying the description from previous deeds. He did not adopt the setback restrictions in all the deeds he made to portions of the original tract. In fact, in one of those deeds to appellants' predecessor in title, he included this language: "Provided, however, that there is excepted from the foregoing covenants and warranties of title any reservations, stipulations, easements, and agreements of record affecting said property." This is some

evidence that Dulaney Logan intended to discharge the restrictions as to the original tract. But the greater weight of the evidence favors a continuation of the restrictions.

■ The conclusion of the chancellor that the acquisition of the entire original tract by Dulaney Logan constituted a merger of the lands benefited and burdened resulting in an automatic discharge of the restrictions is a doubtful conclusion. Rieger v. Wessel, Ky., 319 S.W.2d 855 (1958).

■ In his finding of fact and conclusion as to the applicable law, the chancellor found there had been a change in the character of the neighborhood sufficient to abrogate the restrictions. The rule of law relative to this proposition was stated in Bagby v. Stewart's Ex'r, Ky., 265 S.W.2d 75 (1954) as follows:

> "A change in the character of the neighborhood which was intended to be created by restrictions has generally been held to prevent their enforcement in equity, where it is no longer possible to accomplish the purpose intended by such covenant."

See also Goodwin Bros. v. Combs Lumber Co., 275 Ky. 114, 120 S.W.2d 1024 (1938).

The facts and circumstances must be examined to determine whether the change of the character of the neighborhood is sufficient to vitiate the restrictions; or, to state the question in other terms, whether the "scheme of development" contemplated by the restrictions has been abandoned sufficiently to operate *ipso facto* as a vitiation of the restrictions.

It is clear from the evidence of the architects and realtors testifying that a great change has taken place in the neighborhood insofar as large tracts are required for residence construction. What was originally one thirty-acre tract is now subdivided into at least five smaller tracts. The land "across Arden Road" has been subdivided into small tracts and lots in disregard of the restrictions in question. So far as we know, there has been no objection by appellants or anyone else to the change in the "general scheme of development" of the land across Arden Road.

■ . Furthermore, there were three restrictions in the original deeds. Two were restrictions requiring certain fencing and the preservation of a spring, and the third a "reciprocal negative restriction" requiring structures to sit back from Arden Road. The first two restrictions have been ignored, and the spring is dry. The affirmative restrictions, of course, are not as important as the negative one, but their disregard by all parties down through the years is some evidence that the negative restrictions may be treated likewise.

■ It is concluded that the evidence of a change in the neighborhood, as well as the change within the original tract by its subdivision, supports the finding of the chancellor. His findings will not be disturbed unless clearly erroneous. CR 52.01.

We think there has been a change of such character that it clearly neutralizes the benefits of the restrictions to such an extent as to defeat their original purpose.

The judgment is affirmed.