**Julian N. ELLIOTT, William P. Shuster, Lucille B. Shuster, City of Druid Hills, City of Indian Hills, and City of Rolling Fields, Movants,**

v.

**JEFFERSON COUNTY FISCAL COURT, Hon. A. Mitchell McConnell, Jr., Earl J. Hartlage, Sylvia Watson, Charles I. Horton, Frank E. Haddad, Sr., Clara G. Haddad and Lucia Rainey, Respondents.**

Supreme Court of Kentucky.

Sept. 21, 1983.

Bert T. Combs, Grover C. Potts, Jr., Merrill S. Schell, Wyatt, Tarrant & Combs, Louisville, for movants.

Frank E. Haddad, Jr., John G. Carroll, James T. Carey, Louisville, for respondents.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which upheld a circuit court judgment determining that a restrictive covenant in a deed was unenforceable in limiting all lots in the subdivision to residential purposes only when changes had occurred outside the subdivision.

The issue is whether Kentucky law requires changes only inside the subdivision in order to nullify a restrictive covenant in a deed.

■ This Court reverses the decision of the circuit court and the opinion of the Court of Appeals because both are contrary to the existing law. The mere fact that a lot is vacant does not justify nullifying restrictive covenants in a deed. There must be changes inside the subdivision itself to hold residential restrictions unenforceable.

Frank Haddad, Sr. and his wife purchased Lot No. 14 in the Brownsboro Village Subdivision in 1961. There are forty-one lots in the subdivision. The plat was recorded in 1937 and a deed of restriction was placed of record limiting all the lots in the subdivision to residential purposes only. Originally excepted from the restrictions were Lots 1, 7 and 14, but the same restrictions were later imposed on them also. In 1957, this Court determined that Lots 1 and 7 were restricted to residential use. *Jones v. Lambert*, Ky., 298 S.W.2d 297 (1957). The lot in question is a corner lot located on the boundary of the subdivision.

■ The evidence indicates that all the lots in the subdivision have been exclusively single-family residences since 1937, and there have been no changes which alter its residential nature. The appellees concede that all of the alleged changes have occurred outside the restricted area in the adjoining non-residential section.

■ Kentucky law has long held that changes inside the subdivision which affect its residential character are necessary to vitiate a restrictive residential covenant in a deed. The controlling decision is *Rieger v. Wessel*, Ky., 319 S.W.2d 855 (1958). The owners of lots in a residential subdivision are entitled to enforce the deed covenants to maintain the residential character and integrity of their subdivision. Such owners have relied on the residential restrictions and covenants when purchasing their lots and are entitled to enforce such covenants unless they have acquiesced in nonresidential developments within the boundaries of the subdivision.

■ The Kentucky rule recognizes that *changes outside* the subdivision are beyond the control of the lot owners. The line of demarcation against nonresidential intrusion, once it is drawn, must remain in effect unless the lot owners themselves agree to change the nature of their subdivision. If border lots are released from residential restrictions, the ultimate result could be the destruction of whole subdivisions and there would be a domino effect. It is manifestly unfair to the other 40 lot owners in the subdivision to allow a border tract to be unilaterally removed from restrictions. The true role of equity in the modification or cancellation of deed restrictions is to protect those who wish to abide by the continued enforcement of the restrictions as opposed to the singular benefit of border lots.

Here there has apparently been an increase in traffic on streets surrounding the subdivision, but there has been no nonresidential development within the area of the subdivision. In *Cochran v. Long*, Ky., 294 S.W.2d 503 (1956), the rule was enunciated that increased traffic, noise and commercial development created by a new bypass which was outside of the restricted area, was not sufficient to nullify internal residential covenants. A similar position was upheld in regard to a highway adjoining a residential neighborhood in *Osborne v. Hewitt*, Ky., 335 S.W.2d 922 (1960).

The appellees argue that the circuit court must have discretion in enforcing or not enforcing a deed restriction based on all the relevant facts of a case.

The appellant persuasively argues that Supreme Court Rule 1.030(8)(a) provides an applicable precedent which should have

been followed, and that the discretion of the trial court must be based on the established law. The argument that *Hayes v. Marshall*, Ky., 501 S.W.2d 269 (1973), provides a correct basis for the decision of the circuit court is totally unconvincing when balanced against the long-standing case law in this State. *Hayes v. Marshall, supra* is overruled to the extent that it conflicts with this opinion. The mere fact that the lot in question is vacant does not justify declaring the covenant unenforceable. *Reiger, supra.* It is not a question of discretion when the enforcement of a restrictive covenant is involved in real estate and injunctive relief is the proper remedy. *Marshall v. Adams*, Ky., 447 S.W.2d 57 (1969).

The decision of the Court of Appeals and the judgment of the Jefferson Circuit Court are reversed. The circuit court is directed to declare the residential restrictive covenants enforceable and to enjoin any nonresidential use of the property.

STEPHENS, C.J., and AKER, GANT, STEPHENSON and VANCE, JJ., concur.

LEIBSON, J., not sitting.