RENDERED: AUGUST 22, 2024
TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0526-DG

RAZ, INC.; TERRELL ATWOOD; VIRGINIA                APPELLANTS
BAILEY; KIM CARROLL; KATHY CLARK;
ROBERT CLARK; KIM COOPER; EVELYN
HELM; THORNTON HELM; DONNA MAJOR;
DON MITCHELL; DANIEL E. NEWETT;
ANDREA B. PARROTT; GRETCHEN
SHEARER; BETH STANTON; DANIEL VLIEK;
SUSAN VLIEK; J. WILLIAMSON; AND
ROBERT WILLMOTT[1]


V.           ON REVIEW FROM COURT OF APPEALS
             NO. 2020-CA-0543
             MERCER CIRCUIT COURT
             NO. 19-CI-00194


MERCER COUNTY FISCAL COURT; LINDA           APPELLEES
BARNES; PAUL BARNES; JACKIE
CLAYCOMB; TIM DARLAND; MILWARD
DEDMAN; DAARIK GRAY; MIKE HARDIN;
TOM HARDY; DENNIS HOLIDAY; WAYNE
JACKSON; ADAM JOHNSON; JIM
MCGLONE; MERCER COUNTY JOINT
PLANNING AND ZONING COMMISSION;
RONNIE SIMS; BOBBY UPCHURCH;
DONNIE WEBB; AND COMMONWEALTH
OF KENTUCKY EX REL. RUSSELL
COLEMAN, ATTORNEY GENERAL


**OPINION OF THE COURT BY JUSTICE NICKELL**

**AFFIRMING IN PART AND REVERSING IN PART**

---

[1] For purposes of this Opinion, we shall refer to the Appellants collectively as "RAZ" unless the context requires otherwise.

We granted discretionary review to consider the constitutionality of the appeal bond requirement set forth in KRS[2] 100.3471. For purposes of oral argument, we consolidated this appeal with two others presenting a similar constitutional challenge. *Bluegrass Trust v. Lexington-Fayette Urban County Government*, ___ S.W.3d ___ (Ky. 2024); *Boone Development, LLC v. Nicholasville Bd. of Adjustment*, ___ S.W.3d ___ (Ky. 2024). In *Bluegrass Trust*, rendered contemporaneously with this opinion, a majority of this Court held KRS 100.3471 imposed an unconstitutional burden on the right to appeal. The reasoning of *Bluegrass Trust* applies equally to this matter and interested parties should refer to that opinion. Consequently, the Court of Appeals' determination that it lacked jurisdiction to consider the merits of the appeal was in error.

In the interest of judicial economy, we decline to remand this matter to the Court of Appeals for further consideration, and exercise our supervisory authority under Section 110(2)(a) of the Kentucky Constitution to resolve the underlying merits of this appeal. For the following reasons, we affirm as to the merits.

## I.    Facts

Paul and Linda Barnes (collectively "Barnes") are the owners of a parcel of real estate near Burgin, Kentucky, in the Herrington Lake area of Mercer County. They sold an option to purchase this parcel for $60,000 to Kentucky Lodging and Development Company, Inc., which intended to build a Dollar

---

[2] Kentucky Revised Statutes.

General on the land.  The land was previously zoned R-3, residential/multi-family.  In 2019, Barnes sought to have the parcel rezoned to B-3, general business.  The parcel is subject to deed restrictions in the chain of title stemming from Brown and Viola Dennis to Sam Berry, dated February 20, 1968.[3]

The deed restrictions at issue are stated in full:

> Said property or any unit thereof shall not be used for any purpose or purposes other than farming and in connection with such purposes no hotels, boarding houses, restaurants, fishing camps, motels, cottages for rent, club houses, gas or service stations, or any business house, retail or wholesale, shall be permitted either by the owner or owners nor shall same be assigned or subleased for any such purpose.

The Mercer County Planning and Zoning Commission could not reach a consensus on the issue of rezoning and forwarded the application to the Mercer County Fiscal Court without a recommendation.  The Fiscal Court approved the rezoning.  RAZ appealed to Mercer Circuit Court and also filed a declaration of rights.  Of the six counts brought by RAZ, all but Count VI addressed issues regarding the rezoning.  Count VI addressed the enforcement of the deed restrictions.  No dispute exists that the property is subject to the restrictions; rather, the issue before the circuit court was whether enforcement of those restrictions had been waived.  Barnes had previously erected storage units on two adjacent parcels which are subject to the same restrictions and operated a rental business for storage.  Those two parcels had been successfully rezoned

---

[3] RAZ also reference a deed with the same restrictions from Arthur and Rea Ragona to the Dennis' dated April 27, 1953.

in previous years. In 2019 Barnes filed a motion to dismiss, arguing RAZ had failed to assert the right to enforce the deed restrictions in the past, and in fact wholeheartedly approved of the storage business, such that now no restrictions could be asserted against Barnes. On November 13, 2019, the trial court granted the motion and dismissed Count VI of the complaint, holding the storage rental business was "a clear violation of the deed restrictions," and RAZ had waived enforcement of the restrictions.

The parties continued to litigate the zoning issues into 2020. Finally, the case was ripe for appeal in April 2020. For purposes of this opinion, it is unnecessary to detail the facts regarding the appeal bond, only that the Court of Appeals found KRS 100.3471 constitutional, applicable, and RAZ's failure to post said bond deprived it of jurisdiction. Nonetheless, the Court of Appeals addressed the underlying merits, expressing its opinion that had the court possessed jurisdiction it would affirm the circuit court. RAZ sought discretionary review, which we granted.[4]

We now address the merits of the appeal and further facts will be developed as necessary.

---

[4] Barnes and Mercer County Fiscal Court argue the motion for discretionary review was untimely. This argument was made both in response to the motion for discretionary review and in briefing. However, pursuant to Kentucky Rules of Appellate Procedure (RAP) 44(J)(4), "[a] ruling by the Supreme Court granting or denying a motion for discretionary review will not be reconsidered by the Supreme Court."

## II.  Standard of Review

A motion to dismiss for failure to state a claim upon which relief can be granted is reviewed *de novo.  Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010).[5]  It presents only a question of law.  *Id.*  The pleadings of the plaintiff must be taken as true.  *Id.*  Indeed, by filing a motion to dismiss for failure to state a claim upon which relief can be granted, the party in favor of dismissal necessarily "admits as true the material facts of the complaint."  *Upchurch v. Clinton Cnty.,* 330 S.W.2d 428, 429-30 (Ky. 1959).

Similarly, "[i]nterpretation or construction of restrictive covenants is a question of law subject to *de novo* review on appeal."  *Hensley v. Gadd*, 560 S.W.3d 516, 521 (Ky. 2018).  Restrictive covenants are construed according to their plain language on a case-by-case basis according to "the particular terms of the instrument and the facts of the case."  *Id.* (quoting *Robertson v. W. Baptist Hosp.,* 267 S.W.2d 395, 397 (Ky. 1954)).  Restrictions are also interpreted according to the intention of the parties.  *Id.*  "Under the modern view, building restrictions are regarded more as a protection to the property owner and the public rather than as a restriction on the use of property[.]"  *Brandon v. Price,* 314 S.W.2d 521, 523 (Ky. 1958).

The issue of whether RAZ waived the restrictive covenant is a question of law in this case.  First, while waiver can present a factual question for a jury,

---

[5] RAZ argues the circuit court converted the motion to dismiss to a motion for summary judgment by considering evidence outside the pleadings.  Our review discloses that RAZ did file such evidence through affidavits in response to the motion to dismiss, but we find no indication the trial court considered them in its analysis granting dismissal on November 13, 2019.

when facts are undisputed then waiver is properly a question of law. *Western Auto Cas. Co. v. Lee*, 246 Ky. 364, 55 S.W.2d 1, 2 (1932). Consequently, when RAZ submitted a motion for summary judgment to the trial court on this question, the assertion that no genuine issue of fact exists became binding. *See Healthwise of Ky. Ltd. v. Anglin*, 956 S.W.2d 213, 215 (Ky. 1997); *BTC Leasing, Inc. v. Martin,* 685 S.W.2d 191, 195 (Ky. App. 1984). Finally, the general rule is that "[i]t is not a question of discretion when the enforcement of a restrictive covenant is involved in real estate and injunctive relief is the proper remedy." *Elliott v. Jefferson Cnty. Fiscal Ct.*, 657 S.W.2d 237, 239 (Ky. 1983).

### III.    Analysis

The particular facts of this case present two fundamental issues. First, did the circuit court err when it determined the Appellants had waived the restrictive covenants found in their deeds? Second, was the Mercer County Fiscal Court's rezoning of the land in question from R-3 to B-3 arbitrary? The Fiscal Court correctly points out that its authority to rezone is not constrained by private restrictive covenants. Conversely, however, private restrictive covenants that pre-exist a zone change are not superseded by zone changes. *Goodwin Bros. v. Combs Lumber Co.*, 275 Ky. 114, 120 S.W.2d 1024, 1025 (1938); *see also Elliott*, 657 S.W.2d at 238 (holding that changes outside a residential subdivision do not nullify internal residential covenants). Thus, the second question presented by this appeal need not be answered if we determine the covenants were not waived, because if RAZ can enforce the covenants, the

6

Fiscal Court's action in rezoning the property is of no moment. However, for the following reasons, we hold the circuit court did not err in its decision concerning waiver and the determination of the fiscal court was not arbitrary.

### A. *The restrictive covenants were waived.*

"[T]he right to enforce a restrictive covenant may be lost by waiver or abandonment." *Bagby v. Stewart's Ex'r*, 265 S.W.2d 75, 77 (Ky. 1954). "When the conditions imposed have been disregarded over a period of years by the owners of most or all the lots in the group . . . the courts declare them to have been abandoned by all and enforceable by none." *Goodwin Bros.*, 120 S.W.2d at 1025.

The threshold question to waiver is whether prior violations of the deed restrictions had occurred of which RAZ had knowledge and acquiesced. RAZ argues the erection of storage units is not, in fact, prohibited by the restrictive covenants because they do not constitute a retail or wholesale business. In response to this attempt to parse the restrictions such that the commercial storage units are less objectionable under the restrictions—constituting passive commercial activities as opposed to active ones involving customers coming and going—we need look no further than the initial clause of the restriction: the only permitted use is farming. The illustrative list that follows—hotels, boarding houses, etc.—seems merely to reenforce that such uses are inconsistent with the sole permitted use: farming. In fact, a close reading reveals the covenant provides no specific examples of "purposes other than farming," and merely provides the aforementioned listing as items "in

7

connection with" those other purposes. The covenant, then, is not only offended by the construction of the businesses specifically delineated therein; rather the covenant contemplates the existence of various, undefined non-farming uses that could be violative.

Only if the commercial storage units constitute "farming," as RAZ appears to suggest, would they be permissible under the restrictions. We find this suggestion difficult to accept. The storage units are not barns used to house animals or crops or agricultural implements. Rather they are of general use, utilized for, among other things, the storage of boating equipment. Unless the record shows that the farming occurring on the restricted property involves the raising and harvesting of fish—which it does not—then no reasonable argument can be made that the storage units constitute a farming purpose.

Accordingly, the restrictive covenants applicable to the property in question were violated when the storage units were constructed in 2012. The plans for the units were never presented to the neighborhood association as required by the covenants,[6] and no action was ever taken to require approval of the units before or after construction. Since 2012, the Barnes' neighbors made no attempt to enforce the restrictive covenants. Indeed, they admit they did not object to the construction of the storage units, although they complain, belatedly, of a lack of notice. Given these facts, we conclude the circuit court did not err in determining a waiver had occurred.

---

[6] "[P]lans and locations of any such buildings to be erected or placed upon said property shall be approved by Chimney Rock, Inc."

This Court's decision in *Hensley v. Gadd*, 560 S.W.3d 516 (Ky. 2018) does not compel reversal, as RAZ argues. In *Hensley*, the trial court determined that incremental business activity in a residential subdivision did not impact the character of the neighborhood and enforcement of the deed restrictions had not been waived. *Id.* at 526. In this case, the circuit court came to the opposite conclusion and the character of the businesses at issue in *Hensley* differ from the storage units. In *Hensley*, the alleged waiver arose from rental properties and businesses operating out of some of the homes occupied by residents. No evidence suggested the home-based businesses invited the public to enter the neighborhood.

Similarly distinguishable is our predecessor court's decision in *Hardesty v. Silver,* 302 S.W.2d 578, 581-82 (Ky. 1956), which held no waiver of deed restrictions had occurred on the basis of businesses being conducted from three *residences* in the subdivision. Again, in this case by contrast, substantial commercial buildings, *i.e.,* storage units, were erected on the adjacent lots in violation of the deed restrictions.

### B. The Fiscal Court's rezoning decision was not arbitrary.

Having determined the restrictions were waived by the construction of the storage units and attendant failure to object to that construction, we next must resolve whether the decision of the Fiscal Court to rezone the subject parcel to B-3 was arbitrary. *Hilltop Basic Res., Inc. v. Cnty. of Boone*, 180 S.W.3d 464, 468 (Ky. 2005) ("[O]ur Courts [] review zoning determinations affecting individual property owners pursuant to the arbitrariness framework").

9

"Arbitrariness review is limited to the consideration of three basic questions: (1) whether an action was taken in excess of granted powers, (2) whether affected parties were afforded procedural due process, and (3) whether determinations are supported by substantial evidentiary support." *Id.* (citing *American Beauty Homes Corp. v. Louisville & Jefferson Cnty. Planning & Zoning Comm'n*, 379 S.W.2d 450, 456 (Ky. 1964)).

RAZ does not allege arbitrariness as to the first and second questions so we note only that the Fiscal Court acted within the powers granted by KRS 100.213 and produced the required Findings of Fact and Conclusions of Law. Thus, we are tasked only with resolving whether its decision was supported by substantial evidence. Where a party asserts the administrative decision lacked substantial evidentiary support, the burden is upon the moving party to show that the record compels relief in its favor. *See Gentry v. Ressnier*, 437 S.W.2d 756, 758 (Ky. 1969) (explaining issue in circuit court was not whether substantial evidence supported board's decision to deny permit, but whether evidence presented by applicants "was so strong that the denial of the permit was clearly unreasonable[]"); *Bourbon Cnty. Bd. of Adjustment v. Currans*, 873 S.W.2d 836, 838 (Ky. App. 1994) (holding denial of administrative relief to party carrying burden is arbitrary if the record contains compelling evidence mandating a contrary decision, and "[t]he argument should be that the record compels relief[]"); *REO Mech. v. Barnes,* 691 S.W.2d 224, 226 (Ky. App. 1985), overruled on other grounds by *Haddock v. Hopkinsville Coating Corp.*, 62 S.W.3d 387 (Ky. 2001) (from board of adjustment denial of a conditional use

10

permit, "[f]or evidence to compel a different result, the proof in [applicant's] favor must be so overwhelming that no reasonable person could reach the conclusion of the Board[]").

The Fiscal Court determined, in relevant part:

3       There has been a major shift in the physical and economic nature of the area with the addition of commercial storage units on adjacent properties and of the Boat Doctor business directly across Chimney Rock Road.

4       The existing zoning classification is inappropriate due to several neighboring parcels having a classification of B-3 as commercial business making the subject parcel unusable for residential use.

. . .

6       The parcel is no longer appropriate for agricultural or open space due to neighboring parcels being rezoned from R-3 to B-3 and which now house commercial storage which have brought significant commercial and business activity as well as physical change to the area.

Our prior discussion of the circuit court's finding of waiver is directly applicable here and compels a similar result. The record reveals the Fiscal Court's determination was supported by substantial evidence. The construction of the storage units, as well as the rezoning of several neighboring parcels to a B-3 classification in 2014 and 2016 were all documented before the Fiscal Court. Although RAZ attempts to describe the storage units as constituting "farming" or being "passive" such that their existence should not affect the character of the neighborhood, we have already explained why those arguments are unconvincing. The storage units are not simply alternative uses

11

of permissible farming construction. Rather they were constructed to be commercial and can only operate by the entry of the general public onto the land. This difference supports the Fiscal Court's conclusion that a change in the character of the neighborhood had occurred. Although RAZ may disagree with the conclusions reached by the Fiscal Court, those conclusions were supported by the record and not arbitrary.

The record discloses that the parcel in question is 2.33 acres on the corner where Ky. Hwy. 152, Ashley Camp Road, and Chimney Rock Road intersect. The immediately adjacent parcels on Chimney Rock Road contain storage units. The circuit court noted the factual findings of the Fiscal Court, a 4-3 decision, as to the reasons for the underlying zone change: a major shift in physical and economic nature of the area; neighboring parcels have a zoning of B-3, making the subject parcel unstable for residential use; and the parcel is no longer appropriate for agricultural or open space due to neighboring parcels being zoned B-3 with commercial storage units and increased commercial and business activity in the area. Because these conclusions are based on substantial evidence, we cannot say the record compels a different result. Thus, RAZ is not entitled to the relief it seeks.

## IV.    Conclusion

For the foregoing reasons, we reverse the Court of Appeals as to its holding regarding the constitutionality of KRS 100.3471 and affirm as to its assessment of the merits.

12

All sitting. VanMeter, C.J., concurs in part and dissents in part by separate opinion, in which Bisig and Keller, JJ., join. Conley, J., concurs in part and dissents in part by separate opinion, in which Lambert and Thompson, JJ., join.

VANMETER, C.J. CONCURRING PART AND DISSENTING IN PART: In this matter, I respectfully dissent from so much of the majority opinion as holds KRS 100.3471 unconstitutional, as fully expressed in my dissent in *Bluegrass Trust for Historic Preservation v. Lexington-Fayette Urban County Government*, ___ S.W.3d ____ (Ky. 2024).

That noted, I acknowledge the majority of the Court has determined the constitutional issue otherwise. I concur in so much of the majority opinion as affirms the decision of the trial court in holding enforcement of the deed restrictions had been waived and upholding the Mercer County Fiscal Court's zoning decision.

Bisig and Keller, JJ., join.

Conley, J., CONCURRING IN PART AND DISSENTING IN PART: I concur with the Court's reversal of the Court of Appeals on the constitutional issue presented by this case, which is explained in depth in the contemporaneously rendered *Bluegrass Trust for Historic Preservation v. Lexington-Fayette Urban County Government Planning Commission*, ___ S.W.3d ___ (Ky. 2024). I dissent, however, on the question of waiver of restrictions.

The trial court's ruling as to waiver relied upon a statement of the law to the effect that "the right to enforce a restrictive covenant may be lost by waiver

13

or abandonment." *Bagby v. Stewart's Ex'r,* 265 S.W.2d 75, 77 (Ky. 1954). And that "[w]hen the conditions imposed have been disregarded over a period of years by the owners of most or all the lots in the group . . . the courts declare them to have been abandoned by all and enforceable by none." *Goodwin Bros. v. Combs Lumber Co.,* 120 S.W.2d 1024, 1025 (Ky. 1938). Those citations are not improper *per se,* but it is altogether erroneous to take this as the whole of the law or to believe the law is reducible to this one salient point. The true law is that in order for restrictive covenants to be waived or abandoned they must not only be disregarded over a number of years, but the resultant change must be of such magnitude that "the enforcement of the restrictions against those who have not violated the covenants would be oppressive and inequitable." *Id.* In other words, the change in the character of the neighborhood as a result of non-enforcement must be such that "it is no longer possible to accomplish the purpose intended by such covenant[.]" *Bagby,* 265 S.W.2d at 77. We affirmed this rule in *Hensley v. Gadd,* 560 S.W.3d 516, 526 (Ky. 2018). More to the point, we also affirmed in *Hensley* that "arbitrary enforcement of covenants does not necessarily render covenants unenforceable[.]" *Id.* (quoting *Colliver v. Stonewall Equestrian Estates Ass'n, Inc.,* 139 S.W.3d 521, 525 (Ky. App. 2003)).

I believe the trial court and the majority have failed to consider this second prong. There is no demonstration in this record that the covenants are impossible to enforce on the parcel upon which a Dollar General store is proposed to be built. If the property is capable of supporting a Dollar General, then it is obviously capable of supporting a family residence. And if, as the

14

majority says, the land is restricted purely to farming, then there is no proof whatsoever that farming or farming activities are impossible to be performed on the land as a result of the storage units being built on separate parcels.

Consequently, I conclude this case, at worst, presents an arbitrary enforcement of the restrictions but since the storage units do not violate any of the enumerated activities prohibited, I find that fact of little consequence. Controlling to my mind is the lack of any demonstration as to the impossibility of enforcing the restrictive covenant on the subject property. The existence of the storage units has not rendered it "no longer possible to accomplish the purpose intended by such covenant[.]" *Bagby*, 265 S.W.2d at 77. Therefore, I would hold the restrictions have not been waived and remand to the circuit court with instructions to issue an injunction against the relevant parties, enforcing the deed restrictions upon the subject parcel and prohibiting the erection of a Dollar General store on the parcel.

Lambert and Thompson, JJ., join.

COUNSEL FOR APPELLANTS,
RAZ, INC.; TERRELL ATWOOD;
VIRGINIA BAILEY; KIM CARROLL;
KATHY CLARK; ROBERT CLARK;
KIM COOPER; EVELYN HELM;
THORNTON HELM; DONNA MAJOR;
DON MITCHELL; DANIEL E. NEWETT;
ANDREA B. PARROTT; GRETCHEN
SHEARER; BETH STANTON; DANIEL
VLIEK; SUSAN VLIEK; J. WILLIAMSON;
AND ROBERT WILLMOTT:

W.H. Graddy, IV
Dorothy Thompson Rush
W.H. Graddy & Associates

15

COUNSEL FOR APPELLEES,
LINDA BARNES AND PAUL BARNES:

Stephen Abell Dexter
Sheehan, Barnett, Dean, Pennington, Dexter & Tucker

COUNSEL FOR APPELLEES, MERCER COUNTY FISCAL COURT;
JACKIE CLAYCOMB; TIM DARLAND;
MILWARD DEDMAN; DENNIS HOLIDAY;
WAYNE JACKSON; RONNIE SIMS; AND DONNIE WEBB:

Whitney Zimmerman Johns
Counsel for Mercer County Fiscal Court

COUNSEL FOR APPELLEES, DAARIK GRAY;
MIKE HARDIN; TOM HARDY; ADAM JOHNSON;
JIM MCGLONE; BOBBY UPCHURCH; AND MERCER
COUNTY JOINT PLANNING AND ZONING COMMISSION:

Charles David Patrick
Counsel for Mercer County Joint Planning & Zoning Commission


COUNSEL FOR APPELLEE,
COMMONWEALTH OF
KENTUCKY, EX REL.
RUSSELL COLEMAN:

Matthew Franklin Kuhn
Jenna M. Lorence
Office of the Attorney General

16